■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN MARTIN, Respondent.—Appeal by the People from so much of an order of the Supreme Court, Kings County, entered January 9, 1979, as, upon granting defendant's motion to inspect the Grand Jury minutes, dismissed the indictment charging defendant with manslaughter in the second degree and criminally negligent homicide. Order reversed insofar as appealed from, on the law, and indictment reinstated. The defendant was charged with the death of John Columbo. The matter was first presented to a Grand Jury in July, 1976 but it failed to find a true bill. In April, 1978 the People, by ex parte application pursuant to CPL 190.75 (subd 3), moved for an order permitting resubmission of the charges to a second Grand Jury. The District Attorney based his application on the ground that newly discovered evidence had become available. The court granted the motion and directed resubmission of the matter to another Grand Jury. On this second submission the Grand Jury returned an indictment against the defendant. The dismissal of the indictment by Mr. Justice Lentol is the subject of this appeal. In dismissing the indictment Mr. Justice Lentol did not review the validity or the propriety of Mr. Justice Vaccaro's order. It is, therefore, unnecessary to pass upon the question of whether one Judge in entertaining

a motion to dismiss an indictment, has the power to pass upon another Judge's order directing resubmission. In dismissing the indictment Mr. Justice Lentol decided that the new evidence presented had no real probative value and since the evidence presented to the second Grand Jury was no stronger than that presented to the first, the indictment had to be dismissed. Alternatively, he held that the indictment had to be dismissed because the additional evidence submitted by the People was not "newly discovered evidence". Both witnesses and the "new" evidence in question were always available to the People and could have been brought before the first Grand Jury had the District Attorney exercised due diligence. We disagree with Criminal Term and hold that this indictment should not have been dismissed on either ground. CPL 190.75 provides: "1. If upon a charge that a designated person committed a crime, either (a) the evidence before the grand jury is not legally sufficient to establish that such person committed such crime or any other offense, or (b) the grand jury is not satisfied that there is reasonable cause to believe that such person committed such crime or any other offense, it must dismiss the charge. In such case, the grand jury must, through its foreman or acting foreman, file its finding of dismissal with the court by which it was impaneled. * * * 3. When a charge has been so dismissed, it may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or another grand jury. If in such case the charge is again dismissed, it may not again be submitted to a grand jury." These subdivisions protect a potential defendant by preventing the District Attorney from resubmitting a matter more than once and by requiring him to obtain permission from the court to resubmit. At common law, an order of the court permitting resubmission of a charge was unnecessary and a prosecutor was free to resubmit as often as he chose. Under section 270 of the Code of Criminal Procedure, the forerunner of CPL 190.75 (subd 3), the prosecutor was required to obtain permission from the court to resubmit, but with permission he could resubmit as often as he was allowed. (See *People ex rel. Flinn v Barr,* 259 NY 104.) It may be argued that the present strict limit imposed by the CPL on the number of resubmissions reduces the potential for prosecutorial abuse to a level at which close scrutiny is unnecessary. We do not agree. Had the Legislature deemed judicial scrutiny unnecessary, it could have eliminated it entirely. That the prosecutor is still required to make an application to the court shows that his dissatisfaction with the first Grand Jury's action is not in itself sufficient reason to permit resubmission (cf. *People v Neidhart,* 35 Misc 191; *People v Groh,* 97 Misc 2d 894). The court's role is not purely ministerial because the case may not again be submitted "unless the court in its discretion authorizes or directs the people to resubmit" (CPL 195.75, subd 3). A Judge, deliberating upon a motion to dismiss an indictment handed up by the second Grand Jury, should be permitted to determine whether the prosecutor has, in fact, presented the promised new evidence. If, upon comparing the minutes of the evidence presented to the two Grand Juries, the court determines that the People have failed to present the evidence proffered in the application to resubmit and that the second Grand Jury was presented with substantially the same evidence as that given to the first, it may dismiss the indictment in the furtherance of justice (CPL 210.40; see, also, *People v Clayton,* 41 AD2d 204). The court erred in finding that no additional evidence was presented to the second Grand Jury. Not only did the People produce the testimony it promised to produce in its application to resubmit, but a comparison of the minutes of the proceedings before the two Grand Juries

shows that other crucial new evidence was presented as well. There was, for example, testimony presented to the second Grand Jury that the defendant had unnecessarily drawn his weapon and pointed it at two unarmed people half an hour before John Columbo was shot and that he was angry and distraught moments before the shooting. There was also testimony from the defendant's fellow security guard indicating that Martin knew or should have known that Columbo posed no danger to anyone's safety or property. Since there is no question that the defendant shot Columbo, this new evidence was crucial insofar as it indicated that he may have acted recklessly or with criminal negligence. This indictment, therefore, should not have been dismissed. The evidence presented to the second panel was strong enough to warrant return of a true bill. The order of dismissal should be reversed and the indictment reinstated. Hopkins, J. P., Damiani, O'Connor and Mangano, JJ., concur.