OPINION OF THE COURT
Irving Lang, J.
The defendant’s motion to vacate an ex parte order authorizing resubmission of murder charges against the defendant to a Grand Jury raises two issues. The first is whether the procedure used by the Assistant District Attorney to obtain the order was constitutionally defective, since neither the defendant nor his attorney was given notice of the order nor the opportunity to oppose it. The second issue is whether the ex parte order is in violation of CPL 190.75. In this regard the defendant alleges that any evidence not presented to the original Grand Jury should and could have been so presented since such evidence wac or should have been available to the Assistant District Attorney at the time of the first prosecution.
FACTS
On March 19,1981, Walter Buggs, during the course of a robbery in Manhattan, was shot and killed. On April 2, *375 1981, Michael Caesar was arrested and charged with the shooting. He was indicted for intentional murder, felony murder, and related crimes. That case is pending in Part 60, Supreme Court, New York County. On April 8, 1981, Nathaniel Armstead was arrested and charged as an accomplice. He was likewise subsequently indicted for felony murder and related crimes. Two days after Armstead’s arrest, Rufus Ladsen, the defendant involved in the instant motion, was arrested and charged as an accomplice to the murder. On April 14, 1981, the Grand Jury returned an indictment against Ladsen for felony murder and related offenses. At the time that this indictment was filed, Ladsen served notice on the People, through his attorney, that he wished to testify on his own behalf before the Grand Jury. Since the notice was served at the end of the Grand Jury term, the defense attorney and the Assistant District Attorney agreed to a re-presentation of the case during the following term. On May 4 and 5, 1981, the case against defendant Ladsen was re-presented. Ladsen testified that he witnessed the incident but was not a participant. The Grand Jury voted to dismiss the charges against Ladsen.
On August 10, 1981, the Assistant District Attorney, by ex parte application, obtained an order, signed' by me, directing resubmission of the charges against Ladsen to the Grand Jury. Since Ladsen had testified before the Grand Jury previously, this court directed the District Attorney to notify counsel for the defendant of the resubmission authorization in the event that the defendant wished to testify again.
On August 26, 1981, the defense attorney filed a motion to vacate the order on the ground that the ex parte application for resubmission was in violation of the defendant’s constitutional rights, since such procedure afforded neither the defendant nor his attorney notice of the motion nor the opportunity to oppose it. The defendant further claims that the order is in violation of GPL 190.75 (subd 3) since any evidence not presented to the original Grand Jury allegedly could and should have been so presented.
PROPRIETY OF AN EX PARTE APPLICATION FOR AN ORDER TO RESUBMIT A CASE TO THE GRAND JURY
Defendant Ladsen alleges that the Assistant District Attorney’s failure to provide notice of the People’s request *376 for an order authorizing resubmission of a case to the Grand Jury pursuant to CPL 190.75 (subd 3) violates the defendant’s constitutional rights. Section 190.75 provides in pertinent part:
“§ 190.75 Grand jury; dismissal of charge
“1. If upon a charge that a designated person committed a crime, either (á) the evidence before the grand jury is not legally sufficient to establish that such person committéd such crime or any other offense, or (b) the grand jury is not satisfied that there is reasonable cause to believe that such person committed such crime or any other offense, it must dismiss the charge. * * *
“3. When a charge has been so dismissed, it may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or another grand jury. If in such case the charge is again dismissed, if may not again be submitted to a grand jury.
“4. Whenever all charges against a designated person have been so dismissed, the district attorney must within ninety days of the filing of the finding of such dismissal, notify that person of the dismissal by regular mail to his last known address unless resubmission has been permitted pursuant to subdivision three of this section or an order of postponement of such service is obtained upon a showing of good cause and exigent circumstances.”
There is nothing in the language of the statute, nor its history, which requires that the defendant be given notice of the prosecutor’s intention to seek an order of resubmission from the court, nor is it anywhere suggested that an ex. parte application is inappropriate. It is evident from a reading of CPL 190.75 (subd 4) that an ex parte order was definitely contemplated by the drafters since the notice of dismissal is required to be sent to the defendant “unless resubmission has been permitted pursuant to subdivision three”. This obviously indicates that there are appropriate circumstances where notice should not be given. The constitutional requirement of notification to a defendant of a *377 criminal proceeding against him is satisfied by the issuance of the indictment itself. “[The] common-law and constitutional function [of an indictment] is to identify the charge so that the defendant may have notice of the nature and character of the offense in order to prepare his defense” (People v Brian R., 78 Misc 2d 616, 618, affd 47 AD2d 599; emphasis added).
In essence, the defendant Ladsen is seeking notice to which he is not entitled.
Indeed, by statute “Grand jury proceedings are secret” (see CPL 190.25, subd 4). The District Attorney is not obliged to inform a prospective defendant that there is a pending Grand Jury proceeding against him unless he has been arraigned in a local criminal court on a currently undisposed of felony complaint which is the subject of a Grand Jury proceeding (see CPL 190.50, subd 5, par [a]).
It is not unusual for a court to sign subpoenas ordering a document to be produced before a Grand Jury with a direction that the issuance of the subpoena not be disclosed to anyone. Disclosure to a prospective defendant of a pending Grand Jury proceeding might subject witnesses or others to potential danger and might result in flight to avoid prosecution.
I hold, therefore, that an ex parte order to a Grand Jury is normally appropriate on constitutional, statutory, and public policy grounds.
In any event, this court’s direction to the District Attorney to notify the defendant of the resubmission order clearly constitutes notice, as is apparent from the instant motion.
REQUIREMENTS FOR COMPLIANCE WITH CPL 190.75
In his motion, defendant Ladsen alleges that the order for resubmission of the charges to the Grand Jury violates CPL 190.75 in that any evidence not presented to the original Grand Jury should and could have been so presented. The defendant claims that such evidence was available to the Assistant District Attorney or should have been known to him at the time of the first presentation.
*378 This court is thus presented with the question of when it is proper for a case to be resubmitted to a Grand Jury on application of the People.
At common law a prosecutor could repeatedly resubmit a charge to a Grand Jury without a court order, even after such charge had been dismissed (see Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.75, p 175). But this practice was criticized as far back as 1849 (1849 Report of the Commission on Practice and Proceedings, p 138). The predecessor statute to CPL 190.75, section 270 of the Code of Criminal Procedure, provides that resubmission of a dismissed charge could only be accomplished by court direction. However, there was no limitation of the number of resubmissions pursuant to court order.
The present statute, CPL 190.75, permits but one resubmission.
The problem still remains as to what standards are judicially required to order a re-presentation. The Court of Appeals in People ex rel. Flinn v Barr (259 NY 104, 109) held that “for cause shown the court in its discretion may direct a resubmission.” Most courts have held that “good cause” means newly discovered or additional evidence. (People v Dziegiel, 140 Misc 145, app dsmd 233 App Div 794; People v Karlovsky, 147 Misc 56.)
While this proposition is not necessarily the exclusive basis for resubmission,* it is applicable in the instant case.
In support of his position, defendant cites the decision of the Kings County Supreme Court in People v Martin (97 Misc 2d 441). However, defendant’s counsel failed to note that the Supreme Court’s decision was reversed by the Appellate Division in People v Martin (71 AD2d 928). Despite the oversight by defense counsel it is instructive to examine both opinions.
In the lower court Martin case (supra), the People represented a case to the Grand Jury pursuant to CPL 190.75.
*379 The affirmation of the Assistant District Attorney submitted in support of the resubmission stated that newly discovered evidence consisted of a witness who advised the District Attorney’s office that two weeks before the shooting, he observed a confrontation between the defendant and the victim, at which time the defendant warned the victim that he “‘better watch out or he will shoot him’” (People v Martin, 97 Misc 2d 441, 442). Based upon this affirmation, an order for resubmission was granted. The second Grand Jury returned an indictment against the defendant. The defendant then moved for inspection of the minutes of the second Grand Jury, and for dismissal of the indictment. The Supreme Court, Kings County, dismissed this indictment on the ground that no additional facts or newly discovered evidence was presented. That court held (p 447) that the witness who testified as to the additional fact had already testified at the first presentation and was available and known to the District Attorney, “and it cannot be said that the information could not have been obtained prior to or at the first Grand Jury hearing.”
The court held that for purposes of resubmission to a Grand Jury the newly discovered evidence standard is the same as that required for setting aside a conviction after trial. That is, the evidence must have been discovered after the trial and could not have been discovered earlier by the existence of due diligence. (See CPL 330.30; People v Salemi, 309 NY 208.)
The Appellate Division, Second Department, reversed the order of dismissal and reinstated the indictment (People v Martin, 71 AD2d 928). The Appellate Division, comparing the minutes of the two Grand Juries, held (p 929) that newly discovered evidence, within the meaning of section 190.75, was presented to the latter Grand Jury, which evidence included “the testimony [which the People] promised to produce in its application to resubmit”.
While the Appellate Division did not discuss the analysis of the lower court, it manifestly and properly rejected the basic assumption of the court below.
To assume that the standard for resubmitting a case to a Grand Jury is the same as that required for setting aside a *380 conviction after guilt has been established beyond a reasonable doubt is neither logical nor practical.
A Grand Jury finding is not the equivalent of a trial verdict. The standards of proof are different, the nature and conduct of the proceedings are different, the legal impact of the results are different.
Unlike at a trial, rarely is all the evidence in a case, in all its details, presented to a Grand Jury. Simply stated, a Grand Jury’s accusal or dismissal is not the equivalent of a petit jury’s conviction or acquittal.
Even if the Appellate Division had not reversed the nisi prius court, the resubmission of the instant case would clearly be appropriate.
The developments which prompted the Assistant District Attorney’s ex parte motion for a resubmission order clearly indicate that there does exist new evidence as required by CPL 190.75. The Assistant District Attorney, in his affirmation, states that he intends to present additional testimony from a witness who has not testified previously, which will reveal the defendant Ladsen’s accomplice liability to the robbery and related murder. A review of the chronology of the proceedings in the affidavit (withheld by the court from the defendant) makes clear that this witness was unavailable at the first Grand Jury presentation.
The Appellate Division in Martin (71 AD2d 928, supra) held that the testimony of a witness concerning a warning that the defendant gave his victim was new evidence even though this witness testified at the first Grand Jury presentation and was available and known to the District Attorney. In contrast, in the instant case the witness which the Assistant District Attorney seeks to have testify did not testify at the first Grand Jury.
I hold that the Assistant District Attorney has disclosed facts in his affirmation which denote the existence of new evidence, justifying resubmission of the case to the Grand Jury.
It should be noted that even if an order of resubmission is obtained, if the evidence before the second Grand Jury which returns an indictment is identical with that consid *381 ered by the first Grand Jury, then the indictment should be dismissed. In that event, the defendant’s remedy is to move for inspection of Grand Jury minutes of the second Grand Jury preliminary to an application to dismiss the second indictment (People v Martin, 71 AD2d 928, supra).
In sum, a motion to resubmit may be made ex parte. However, if a defendant has testified before a previous Grand Jury, he should, absent compelling circumstances, be given notice of resubmission so as to be given a chance to testify again. Finally the new or additional evidence is not required to meet the standards which justify a new trial after conviction.
The motion to vacate the resubmission order is denied.

 For example, if a dismissal resulted from an erroneous instruction to the Grand Jury in the law, resubmission would surely be justified.