THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TIMMY DYKES, Respondent.

Second Department, April 19, 1982

APPEARANCES OF COUNSEL

*Elizabeth Holtzman, District Attorney (Steven P. Polivy* of counsel), for appellant.

*Trevor L. F. Headley* for respondent.

OPINION OF THE COURT

NIEHOFF, J.

■ On or about January 10, 1980 the defendant was charged under Indictment No. 4096/1979 with the crimes of assault in the first degree and criminal possession of a weapon in the fourth degree. The charges arose out of an incident which occurred on or about September 17, 1979 in Kings County in which the complainant was stabbed in the neck and hand. The question on this appeal is whether the dismissal of that indictment by Criminal Term (VETRANO, J.) was proper. Our answer is "yes".

The subject charges had been considered by a prior Grand Jury under Indictment No. 3476/1979. On October 24, 1979, after that first Grand Jury had heard testimony from the complainant, the arresting officer and the defendant who denied that he was the one who had stabbed the complainant and contended that he had tried to help the complainant after she had been stabbed by someone other than him, it returned a vote of no true bill.

After the October Grand Jury refused to indict, the People made an ex parte motion for leave to resubmit the charges to a second Grand Jury. The application was premised upon the prosecutor's "belief that the dismissal was against the weight of the evidence" and that the dismissal was "neither based on the legal insufficiency of the evidence nor the absence of reasonable cause to believe that the defendant committed the dismissed charges". The People's application was granted by order dated December 10, 1979 (STARKEY, J.), upon the sole ground that it appeared "from the annexed affirmation [that of an Assistant District Attorney] that the dismissal was against the weight of the evidence".

Upon being informed that the application for ·leave to resubmit had been granted and that the charges were to be resubmitted to another Grand Jury, but before the resubmission took place, the defendant initiated a proceeding pursuant to CPLR article 78 against the District Attorney and Justice STARKEY seeking to prohibit the District Attorney from resubmitting the case to the Grand Jury. The

People opposed the defendant's application for the writ of prohibition upon the ground that the extraordinary relief requested was beyond the scope of an article 78 proceeding. The People argued that the remedy of prohibition was clearly inappropriate because the petitioner had not demonstrated that he was without an adequate remedy at law. The People pointed out that in addition to having the right to appeal if he were convicted on an indictment handed down by the second Grand Jury, defendant also had the right to move to dismiss any such indictment.

█ Thereafter, on December 27, 1979, the CPLR article 78 proceeding was dismissed by this court. Since prohibition is a preventive measure rather than a remedial one, it can only be used to prevent the doing of acts about to be done which are beyond the jurisdiction or power of a court or officer to accomplish. Its object is not the correction of errors or the granting of relief from an action already taken. Hence, it is manifest that the issue decided in that matter was whether the District Attorney, who had obtained permission to resubmit, was proceeding without or in excess of jurisdiction (see CPLR 7803, subd 2) and not whether Justice STARKEY came to an erroneous conclusion or committed an error of discretion when he granted the application for resubmission, an issue to be resolved on this appeal.

In opposing the CPLR article 78 proceeding the People raised a claim not made in the papers before Justice STARKEY, namely, that the October Grand Jury vote of no true bill was a result of a personality conflict which had developed among the October Grand Jurors. As pointed out above, Justice STARKEY granted leave to resubmit upon the ground that it *appeared* from the Assistant District Attorney's affirmation that the dismissal was against the weight of the evidence. He did not grant leave because of any alleged conflict among the Grand Jurors or any irregularity in the Grand Jury proceedings and, so, the validity of the resubmission order cannot be judged by the claim made in the subsequent article 78 proceeding to the effect that the jurors' vote may have been influenced by a personality conflict.

Following the dismissal of the application for the writ of prohibition, the defendant was advised that the People were proceeding with the resubmission. He did not appear before the second Grand Jury and he was indicted on January 10, 1980 under Indictment No. 4096/1979, with which we are here concerned.

By notice of motion dated March 25, 1980, the defendant moved for dismissal of the indictment filed on January 10, 1980 upon the ground that "the Court did not have jurisdiction [to submit] this case to a new Grand Jury" or, in the alternative, that the interests of justice called for a dismissal.

The motion came on before Judge VETRANO. After noting that it would be inappropriate for him, as a Judge of coordinate jurisdiction, to pass upon the validity of Justice STARKEY's ex parte order, Judge VETRANO reviewed the testimony adduced before the two Grand Juries, found it to be virtually identical and dismissed the indictment in the furtherance of justice. In so doing, he relied upon *People v Martin* (71 AD2d 928).

On the present appeal from Judge VETRANO's order, this court is called upon to answer the questions of (1) whether the order granting resubmission of this matter to the Grand Jury was proper and (2) whether the indictment should have been dismissed because the People failed to present additional or new evidence to the second Grand Jury. Our answer to both questions is "no".

In sum, while we agree with Judge VETRANO that the indictment should be dismissed, our reasons for so concluding differ from those expressed by him.

CPL 190.75 (subd 3) provides that when a charge has been dismissed by a Grand Jury it "may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or another grand jury." The purpose of the statute is to prevent abuses by prosecutors who, at common law, were free to resubmit matters to the Grand Jury repeatedly and without any court supervision. (*People v Martin, supra,* p 929.) When faced with an application for resubmission the court's role is not purely ministerial and such

applications are not to be granted *pro forma*. Rather, the court's power to grant resubmission should be exercised sparingly and discriminately.

In a very real sense the Grand Jury may be said to represent the "common sense" or consensus of the entire community. (See *People v Neidhart,* 35 Misc 191, 192.) It is empowered, indeed required, to dismiss a charge that a designated person committed a crime if the evidence before it is not legally sufficient to establish that such person committed such crime or other offense, or it "is not satisfied" that there is reasonable cause to believe that such person committed such crime or any other offense. (CPL 190.75, subd 1.) The dismissal of a charge by the Grand Jurors after a full hearing, such as took place in this case, must be taken as establishing as a fact that the evidence was not of sufficient credible worth to warrant a prosecution and should not be presented to a petit jury. Such a finding by the Grand Jury is justly entitled to great weight and prosecutors and Judges are not privileged to substitute their judgment for that of the Grand Jury. Indeed, a determination by the Grand Jury that the evidence before it does not warrant an indictment should end the matter and there should not be a resubmission unless it appears, for example, that new evidence has been discovered since the former submission; that the Grand Jury failed to give the case a complete and impartial investigation; or that there is a basis for believing that the Grand Jury otherwise acted in an irregular manner. (See *People v Martin,* 71 AD2d 928, *supra; People v Groh,* 97 Misc 2d 894; *People v Dziegiel,* 140 Misc 145, 146; *People v Neidhart, supra.*)

Although a case may be resubmitted for reasons such as those enumerated above, a District Attorney is not entitled, and should not be permitted, to resubmit a case merely because he is dissatisfied with or disagrees with the conclusion of the Grand Jury. To allow a District Attorney to resubmit a case simply because he does not agree with the Grand Jury finding is to place in his hands a power of indiscriminate and uncontrolled submission which CPL 190.75 was designed to prevent. As this court stated in *People v Martin (supra,* p 929): "That the prosecutor is still required to make an application to the court shows that his

dissatisfaction with the first Grand Jury's action is not in itself sufficient reason to permit resubmission (cf. *People v Neidhart,* 35 Misc 191; *People v Groh,* 97 Misc 2d 894)."

■ In the case at hand, if the prosecutor's "belief" that the Grand Jury's action was against the weight of the evidence is nothing more than a claim by the District Attorney that on the evidence the Grand Jury reached an incorrect conclusion or one with which he disagreed then, certainly, the reviewing Judge had no legal basis on which to grant resubmission and his action in allowing resubmission was improper, for as *People v Martin* (*supra,* p 929) says, "his [the prosecutor's] dissatisfaction with the first Grand Jury's action is not in itself sufficient reason to permit resubmission".

If the District Attorney's claim is viewed in a light most favorable to him and we construe his claim that the Grand Jury verdict was contrary to the weight of the evidence as meaning that he believed the Grand Jury failed to give the case a complete and impartial investigation, which, under appropriate circumstances would be a proper basis for resubmission, his application for leave to resubmit should, nevertheless, have been denied by the reviewing Judge.

When a prosecutor seeks leave to resubmit a matter to a Grand Jury the application for resubmission must be accompanied by facts sufficient to permit a proper exercise of discretion by the reviewing Judge. Obviously, an application cannot appeal to judicial discretion without a showing of facts. That is, judicial discretion cannot be exercised in a vacuum. In this case no facts were submitted to the reviewing Judge upon which there could be an exercise of judicial discretion. Notwithstanding the fact that the defendant in the case at bar waived immunity and testified before the Grand Jury, which asked numerous questions of the defendant, and that the Grand Jury heard all the available evidence, the affirmation of the Assistant District Attorney only contains the bald conclusion or assertion that it was the prosecutor's "belief" that the dismissal was against the weight of the evidence. The affirmation of the prosecutor, which suggests that the finding of the Grand Jury was palpably wrong, i.e., contrary to the weight of the

evidence, contains not a single fact or a scintilla of evidence to support or corroborate that belief.

That being so, there was nothing on which the reviewing Judge could base an exercise of discretion. To state the matter in a somewhat different fashion, the application submitted was completely lacking in a factual showing, which would justify the action of the reviewing Judge in granting leave to resubmit the case to the Grand Jury pursuant to CPL 190.75 (subd 3). Consequently, we hold that the reviewing Judge, who premised his decision upon a finding that it appeared from the affirmation of the Assistant District Attorney that the vote of no true bill was contrary to the weight of the evidence, acted improvidently when he granted the People leave to resubmit this matter to the Grand Jury. For that reason the indictment, which was obtained as a result of an improper resubmission, must be dismissed.

Judge VETRANO, who refused to pass upon the propriety of the resubmission because of the rule that a Judge of a court should not ordinarily reconsider, disturb or overrule an order in the same action of another Judge of co-ordinate jurisdiction, came to the conclusion that the indictment should be dismissed on the authority of *People v Martin* (71 AD2d 928, *supra*). In the *Martin* case, the prosecutor based his application for resubmission on the ground that newly discovered evidence had become available. Therefore, this court held (p 929) that a Judge "deliberating upon a motion to dismiss an indictment handed up by the second Grand Jury, should be permitted to determine whether the prosecutor has, in fact, presented the promised new evidence" and that if upon comparing the evidence it is found to be substantially the same, he "may dismiss the indictment in the furtherance of justice". Inasmuch as no claim of new evidence was ever advanced by the prosecutor herein and the resubmission was not granted on any promise that new evidence was going to be presented, dismissal of the instant indictment upon the authority of *People v Martin* was inappropriate.

However, for the reason stated above, namely, that it was improper for the reviewing Judge to have allowed the

case to have been resubmitted to the Grand Jury, the order of dismissal should be affirmed.

MANGANO, J. P. (concurring). I concur in the result, but only because the record on appeal does not indicate that the application before Justice STARKEY for leave to resubmit this matter to a Grand Jury was supported by sufficient evidentiary facts upon which to base an exercise of judicial discretion under CPL 190.75 (subd 3).

GIBBONS and BROWN, JJ., concur with NIEHOFF, J.; MANGANO, J. P., and THOMPSON, J., concur in the result in an opinion by MANGANO, J. P.

Order of the Supreme Court, Kings County, dated July 24, 1980, affirmed.