■ KENFORD COMPANY, INC., et al., Respondents, v COUNTY OF ERIE, et al., Appellants. COUNTY OF ERIE, Appellant, v KENFORD COMPANY, INC., et al., Respondents. — Order affirmed, with costs, for the reasons stated in the memorandum decision at Special Term, Denman, J. We add only that our holding that the county is bound by its contract is based upon a finding that there was no legal impediment to the execution or performance of the contract and not upon the doctrine of collateral estoppel. All concur, Moule, J., not participating. (Appeal from order of Supreme Court, Erie County, Denman, J. — breach of contract.) Present — Simons, J. P., Hancock, Jr., Doerr, Moule and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK J. ZIRPOLA, Appellant. — Judgment unanimously affirmed. Memorandum: We reject defendant's argument on appeal from his conviction for attempted burglary, third degree, that the lower court erred in denying his pretrial motion, made May 2, 1979, for dismissal of the charges against him pursuant to CPL 30.30. In calculating the amount of time chargeable to the People we note first that the statutory period began to run on September 22, 1978, when the felony complaint was filed (see *People v Osgood,* 52 NY2d 37; *People v Lomax,* 50 NY2d 351). We disagree with the People's contention that the time did not begin to run until they succeeded in obtaining an indictment upon resubmission of the charges to a second Grand Jury upon a court order (CPL 190.75, subd 3) following dismissal by the first Grand Jury on December 1, 1978. Of the approximately seven and one-half month interval from the filing of the felony complaint until defendant's motion, a little less than three months must be excluded pursuant to CPL 30.30 (subd 4, par [g]) as delay occasioned by exceptional circumstances, viz., "unavailability of evidence material to the people's case, when the district attorney * * * exercised due diligence to obtain such evidence and there [were] reasonable grounds to believe that such evidence [would] become available in a reasonable period". This period commenced on December 1, 1978, the date that the Grand Jury returned a no bill pertaining to the charges against defendant and indicted his codefendant Weiss (thus making it reasonable to expect that Weiss might eventually give evidence against defendant) and ended on February 22, 1979, when Weiss as part of a plea bargain made available a statement implicating defendant. It is immaterial that the People did not request a continuance (see *People v Goodman,* 41 NY2d 888). Defendant does not urge and the record does not suggest that any time subsequent to his motion is chargeable to the People; thus they were ready for trial well within the statutory period. We hold also that the court did not abuse its discretion in granting the People's motion pursuant to CPL 190.75 (subd 3) for permission to submit the charges to another Grand Jury in view of the statement by Weiss which was not available at the time of the submission to the first Grand Jury (see *People v Martin,* 71 AD2d 928). (Appeal from judgment of Erie County Court, Dillon, J. — attempted burglary, third degree.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Schnepp, JJ.