■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALLEN ANDERSON, Respondent.—Appeals by the People from (1) an order of the County Court, Suffolk County (Tisch, J.), dated April 8, 1988, which dismissed the indictment against the defendant for lack of legally sufficient evidence, and (2) an order of the same court (Cacciabaudo, J.), dated May 5, 1988, which denied their application pursuant to CPL 190.75 (3) to resubmit the matter to the Grand Jury.

Ordered that the order dated April 8, 1988, is affirmed; and it is further,

Ordered that the order dated May 5, 1988 is reversed, on the law and facts, the People's application is granted, the People are granted leave to resubmit the matter to another Grand Jury, and the order dated April 8, 1988, is amended accordingly.

Based on a review of the minutes of the Grand Jury proceeding, we conclude that the trial court acted properly in dismissing the indictment against the defendant given the absence of legally sufficient evidence to establish the defendant's culpable mental state with respect to the charged crime *(see, People v Cummings,* 131 AD2d 865; *cf., People v Maldonado,* 126 AD2d 670, *lv denied* 69 NY2d 883). However, we further conclude that the trial court abused its discretion in denying the People's application for leave to resubmit the case to the Grand Jury based on newly discovered evidence *(see,* CPL 190.75 [3]). The new evidence, which was not available to the prosecution at the time of the first Grand Jury proceedings despite the exercise of due diligence *(see, People v Martin,* 71 AD2d 928), was relevant to the question of the defendant's mental culpability with respect to the charged crime. Accordingly, the People's application pursuant to CPL 190.75 (3) should have been granted. Mollen, P. J., Mangano, Kunzeman and Weinstein, JJ., concur.