OPINION OF THE COURT
Herbert J. Lipp, J.
The People have submitted a proposed order, pursuant to CPL 190.75 (3), seeking leave of the court to resubmit the charges in the instant matter to a second Grand Jury panel. *444 Counsel for the defendant, Julian Fantucci, appeared before this court and objected to the proposed resubmission.
At issue herein is whether this court should grant the People leave to resubmit the pending charges to a second Grand Jury panel despite the case having been "dismissed” after the initial Grand Jury presentation as the result of the People’s failure to charge the Grand Jury on the law during the term of the Grand Jury.
Pursuant to CPL 190.60, after hearing and examining evidence concerning the alleged commission of a prosecutable offense, a Grand Jury is limited to taking one of five courses of action: (1) indicting an individual for an offense; (2) directing the District Attorney to file a prosecutor’s information; (3) directing the District Attorney to file a request for removal of the case to the Family Court; (4) dismiss the charges before it; or (5) submit a Grand Jury report.
In the instant matter, the Assistant District Attorney presented her case before the Grand Jury. The defendant, Julian Fantucci, testified on his behalf and was subjected to questioning by the Assistant District Attorney. The term of the Grand Jury panel expired prior to the Assistant District Attorney’s instructing the jury on the charges to be submitted. The Assistant District Attorney did not request an extension of the Grand Jury’s term, as she was authorized to do pursuant to CPL 190.15 (1). Consequently, the Grand Jury panel, which heard all the testimony in the instant case, was never called upon to deliberate on the charges alleged to have been committed.
In People v Wilkins (68 NY2d 269) the prosecutor withdrew a case from the Grand Jury after the presentation of all the evidence and resubmitted the case to a second Grand Jury panel without seeking judicial approval. The Court of Appeals held that the prosecutor’s unilateral withdrawal of the case "must be deemed a dismissal, regardless of the good faith of the withdrawal” (People v Wilkins, supra, at 275; see also, People v Cade, 74 NY2d 410, 414-415).
In the instant matter, the prosecutor did not formally withdraw the case from the Grand Jury’s consideration. The prosecutor states, in her affirmation, that after contemplating whether to call an additional witness, she decided against such and attempted to instruct the Grand Jury on the charges. She was unable to do so, however, because of the busy schedule of the Grand Jury panel and because of a lack *445 of a quorum whenever she attempted to instruct the panel. Pursuant to People v Wilkins (68 NY2d 269, supra), the initial charges against the defendants must be deemed dismissed under CPL 190.60 (4). (See also, Mooney v Cahn, 79 Misc 2d 703; Matter of McGinley v Hynes, 75 AD2d 897, revd on other grounds 51 NY2d 116, cert denied 450 US 918.)
Pursuant to CPL 190.75 (3), once charges pending before a Grand Jury have been dismissed, or deemed dismissed, they may not be resubmitted unless the court, in its discretion, authorizes or directs the People to resubmit such charges to the same or another Grand Jury. The People are entitled to make an ex parte application for resubmission, pursuant to CPL 190.75 (3) (People v Ladsen, 111 Misc 2d 374, 376-377), provided their application is accompanied by sufficient facts to permit a proper exercise of discretion by the reviewing Judge (People v Dykes, 86 AD2d 191, 196).
In the pending matter, the Assistant District Attorney submitted an affirmation in support of her application for leave to resubmit the matter before the Grand Jury, the sum and substance of which has already been summarized within this opinion. In determining what standards a reviewing court must apply in considering a District Attorney’s CPL 190.75 (3) application, the Second Department has previously determined that in cases involving an outright rejection of the People’s case by a Grand Jury panel, a Judge reviewing a request for resubmission should not grant resubmission "unless it appears * * * that new evidence has been discovered since the former submission; that the Grand Jury failed to give the case a complete and impartial investigation; or that there is a basis for believing that the Grand Jury otherwise acted in an irregular manner” (People v Dykes, 86 AD2d 191, supra, at 195). In the pending matter, no claim has been raised by the moving party that new evidence, unavailable at the time of the original Grand Jury presentation, has been obtained or made available to the prosecutor. (See, People v Maye, 173 AD2d 891, affd 79 NY2d 1041; People v Anderson, 143 AD2d 192; People v Martin, 71 AD2d 928; People v Ladsen, 111 Misc 2d 374, supra; People v Groh, 97 Misc 2d 894; People ex rel. Flinn v Barr, 259 NY 104.) Additionally, no claim has been made that the original Grand Jury panel which heard the testimony in this case failed to give the case a complete and impartial investigation or that there is a basis for believing that the Grand Jury acted or was acting in an irregular manner. (See, People v Jose C., 127 Misc 2d 689.) *446 Clearly, under this standard of review, the People have failed to convince this court that granting the application for resubmission of the case to another Grand Jury panel would be an appropriate exercise of judicial discretion.
In the pending matter, the Assistant District Attorney never instructed the Grand Jury on the law, nor sought to extend the Grand Jury’s term to allow them to complete their unfinished business. In contrast to the cases discussed above, the Assistant District Attorney did not formally withdraw the case from the Grand Jury’s consideration and did not have her case "rejected” by the Grand Jury (People v Cade, 74 NY2d 410, 414-415, supra; People v Wilkins, 68 NY2d 269, 273, supra). Under these circumstances, should the prosecutor be held to the same standards of judicial review as in those situations where the Grand Jury has deliberated on the charges and returned a no true bill? In People v Washington (125 AD2d 967, lv denied 69 NY2d 887) the Appellate Division, Fourth Department, was confronted with a similar fact scenario to the case at hand. In Washington, an accomplice testified before the Grand Jury, implicating the defendant in criminal activities. The Grand Jury was not charged with respect to the law, nor asked to return an indictment, because the Assistant District Attorney felt there was legally insufficient corroboration of the accomplice’s testimony. Two years later, new evidence became available and another Assistant District Attorney requested, and received, permission to resubmit the evidence to a second Grand Jury. The defendant was indicted and ultimately convicted. On appeal the defendant challenged the Court’s granting of the People’s application for resubmission to a second Grand Jury. In affirming the conviction, the Appellate Division held that the original Assistant District Attorney’s decision not to charge the Grand Jury must be deemed the equivalent of a "dismissal” under CPL 190.75 and that the case could not be resubmitted without judicial authorization (CPL 190.75 [3]). In rejecting defendant’s claim that the affidavit filed in support of the application for resubmission did not contain sufficient details as to the new evidence which was to be introduced upon the granting of the People’s application, the Court held that: "CPL 190.75 (3) does not require new evidence to allow resubmission; rather, the District Attorney is only required to give a legitimate reason why the case should be presented to a second Grand Jury (cf. People v Dykes, 86 AD2d 191, 195). Moreover, standards for reviewing the contents of ex parte applications for permission *447 to resubmit charges to a second Grand Jury, which were developed specifically to protect the integrity of the Grand Jury process where a Grand Jury had actually considered the evidence and voted a no bill, are irrelevant in cases where the Grand Jury has never ruled on the evidence. A prosecutor’s unilateral action in not presenting a case to the Grand Jury, although it may be tantamount to a dismissal, is not the same as an actual decision of a Grand Jury voting a no bill. We hold that all that was required here was a factual showing that sufficient evidence existed for consideration by a Grand Jury” (supra, at 968-969).
Using the standard set forth in Washington (supra), the People need only provide a legitimate reason why the case should be resubmitted and provide a factual showing that sufficient evidence exists for consideration by a Grand Jury. The pending matter, however, is distinguishable from Washington by the fact that here the defendant testified before the Grand Jury and was subjected to questioning by the Assistant District Attorney. A question arises as to whether a defendant obtains any legal rights to have his case decided by the Grand Jury panel that has observed him testify. As our Court of Appeals proclaimed in People v Buford (69 NY2d 290, 297-298), with respect to a petit jury, "[a] defendant has a constitutional right to a trial by a 'particular jury chosen according to law, in whose selection [the defendant] has had a voice’ (People v Ivery, 96 AD2d 712; People v West, 92 AD2d 620, 622 [Mahoney, P. J., dissenting], revd on dissenting opn below 62 NY2d 708; see, NY Const, art I, § 2).” (See also, People v Page, 72 NY2d 69, 73.) If a defendant on trial has a constitutional right to have a petit jury render a verdict on a case, regardless of the stage of the trial and regardless as to whether the defendant has testified, shouldn’t an individual who has testified before a Grand Jury be entitled to some assurances that his case will not be indiscriminately withdrawn from the Grand Jury or be allowed to expire without requiring the Grand Jury to make a determination as to the merits of the individual’s testimony?
In her affidavit in the instant matter, the Assistant District Attorney failed to allege that she had any additional evidence to put forth before the Grand Jury (People v Ladsen, 111 Misc 2d 374, supra; People v Dziegiel, 140 Misc 145, appeal dismissed 233 App Div 794; People v Karlovsky, 147 Misc 56). Her affidavit also failed to set forth sufficient factual details to persuade this court that the case warrants consideration by *448 the Grand Jury (People v Washington, 125 AD2d 967, lv denied 69 NY2d 887, supra). Most importantly, however, she failed to give a legitimate reason why the first presentation did not result in a determination by the Grand Jury (CPL 190.60) and failed to address why a request wasn’t made to extend the Grand Jury’s term until a determination could be made on cases which had not been completed (CPL 190.15 [1]), especially in a case where the defendant had testified.
Accordingly, the People’s application to resubmit the pending case to a second Grand Jury panel is hereby denied since the People have failed to set forth a legitimate reason why the case should be resubmitted and have further failed to provide a factual showing that sufficient evidence exists for consideration by a Grand Jury (People v Washington, 125 AD2d 967, lv denied 69 NY2d 887, supra).
Public policy also requires the result rendered herein. The court’s ruling precludes an appearance of an impropriety that would exist if prosecutors had the option of not completing cases in an attempt to resubmit them before a more compliant Grand Jury panel. Most importantly, the ruling herein reinforces the prosecutor’s role as a neutral custodian of the Grand Jury process and guarantees the traditional right our State has afforded suspects to testify before the Grand Jury (CPL 190.50).