Nick J. EPHAMKA, Jr., Appellant,

v.

STATE of Alaska, Appellee.

No. A-4833.

Court of Appeals of Alaska.

Aug. 5, 1994.

Elizabeth Brennan, Asst. Public Defender, Bethel, and John B. Salemi, Public Defender, Anchorage, for appellant.

Nancy R. Simel, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

*OPINION*

MANNHEIMER, Judge.

On April 7, 1992, the District Attorney's Office presented the Bethel grand jury with a proposed indictment charging Nick J. Ephamka, Jr. with second-degree sexual assault, AS 11.41.420(a)(3)(B). The grand jury, after hearing the government's evidence, returned a "no true bill"—that is, the grand jury voted not to indict Ephamka. Three days later, on April 10, the district attorney's office asked the Bethel superior court for permission to resubmit the case to the grand jury. Over Ephamka's objection, Superior Court Judge Dale O. Curda granted the government's request. Following the second presentation of the case, the Bethel grand jury voted to indict Ephamka for second-degree sexual assault.

Ephamka ultimately pleaded no contest to a reduced charge of attempted second-degree sexual assault; when he entered this plea, Ephamka reserved the right to appeal Judge Curda's decision permitting the government to submit his case to the grand jury a second time. *See Cooksey v. State,* 524 P.2d 1251 (Alaska 1974).

For the offense of attempted second-degree sexual assault, Judge Curda sentenced Ephamka to 5 years' imprisonment with 3 years suspended (2 years to serve). Contemporaneously, Judge Curda revoked Ephamka's probation from a prior incest conviction and imposed 3 years' imprisonment that had previously been suspended for that earlier offense. Judge Curda ordered that these 3 years be served consecutively to the 2 years he imposed for Ephamka's current offense. Ephamka thus received a composite sentence

of 8 years' imprisonment with 3 years suspended (5 years to serve).

Ephamka now appeals to this court, challenging both Judge Curda's decision permitting the State to resubmit the case to the grand jury and Judge Curda's sentencing decision. We affirm.

The grand jury indicted Ephamka for engaging in unconsented-to sexual contact with G.L., a woman who Ephamka knew was intoxicated and who was sleeping at the time of the assault. G.L. awoke to find someone on top of her. She pushed her assailant away and, after ordering him to leave her alone, she went back to sleep. A few moments later, G.L. again awoke, this time to a noise coming from the direction of an easy chair (in the same room) in which another woman, T.P., was sleeping. G.L. saw that the man who had just assaulted her was now on top of T.P. Like G.L., when T.P. awoke she pushed her assailant away. The man ran from the house. G.L. did not know her assailant's identity, but T.P. identified the man as her brother-in-law, Ephamka.

On April 7, 1992, the Bethel grand jury considered a proposed indictment charging Ephamka with second-degree sexual assault for the attack on G.L. The government presented two witnesses: G.L., who described the attack but who was unable to identify her assailant, and police officer Andre Achee, who testified that T.P. had identified the man as Ephamka. (The government relied on Alaska Evidence Rule 803(2), the "excited utterance" exception to the hearsay rule, as the justification for allowing Achee to testify about T.P.'s identification.) After considering this evidence, the grand jury returned a "no true bill", declining to indict Ephamka.

■ When the government presents a case to the grand jury and the grand jury declines to return an indictment, AS 12.40.-080 requires the government to obtain the superior court's permission before again submitting the same charge to the grand jury:

*Effect of failure to return indictment.* When a grand jury does not return an indictment, the charge is dismissed, and it may not be again submitted to or inquired into by the grand jury unless the court so orders.

On April 10, the district attorney's office sought the superior court's permission to return to the grand jury and again seek an indictment against Ephamka for second-degree sexual assault. The prosecutor asserted that he had more evidence to present to the grand jury—most importantly, the testimony of T.P. The prosecutor surmised that the grand jury had refused to indict Ephamka because T.P., the witness who could personally identify him, had not testified. The prosecutor explained that a subpoena had been issued for T.P. to attend the initial grand jury hearing, but the police had been unable to locate her in time to serve the subpoena. Because the 10 days for holding Ephamka in custody under Alaska Criminal Rule 5(e)(2)(iii)(aa) was about to expire, the prosecutor had chosen to present the case to the grand jury notwithstanding T.P.'s absence. Now that T.P. had been located, the prosecutor wished to present her testimony to the grand jury.

Judge Curda ruled that the government had shown good cause for returning to the grand jury. He based this ruling on the fact that T.P. had been unavailable for the first grand jury hearing:

On April 15, the district attorney's office again asked the grand jury to indict Ephamka for second-degree sexual assault, this time presenting T.P.'s testimony. The grand jury returned the proposed indictment, leading to the present appeal.

■ Ephamka argues that Judge Curda abused his discretion when he allowed the district attorney's office to present the case to the grand jury a second time.[1] Ephamka points out that T.P.'s testimony was not "newly discovered" as that term is used in cases dealing with motions for new trial. *See,* for example, *Adkinson v. State,* 611 P.2d 528, 534 (Alaska 1980); *Rank v. State,* 382

1. Since the superior court's decision rests on a weighing of equities based on the particular facts of the case, the proper standard of review is "abuse of discretion". This is the standard used by the courts of New York: *See People v. Zirpola,* 88 A.D.2d 758, 451 N.Y.S.2d 483, 484 (1982) *modified,* 57 N.Y.2d 706, 454 N.Y.S.2d 702, 440 N.E.2d 787 (N.Y.1982).

P.2d 760, 761 (Alaska 1963). Ephamka also points out that the gist of T.P.'s testimony was communicated (in hearsay form) to the grand jury by Officer Achee at the first hearing. Despite Ephamka's objections, we are convinced that Judge Curda did not abuse his discretion when he allowed the second grand jury presentation.

Alaska is among the minority of jurisdictions which require judicial approval before a prosecutor may resubmit a charge to the grand jury. *See generally*, Beale & Bryson, *Grand Jury Law & Practice* (1986), § 6:41, Vol. 1, pp. 242–44; Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* (1984), § 15.2(b), Vol. 2, pp. 287–88; 41 Am.Jur.2d *Indictments & Informations* §§ 31–32 (1968). Since 1900, when Congress promulgated Alaska's first code of criminal procedure, *see Andreanoff v. State*, 746 P.2d 473, 475 n. 2 (Alaska App.1987), Alaska law has restricted the government's authority to make multiple presentations of the same charge to the grand jury. Title 66 of the Compiled Laws of 1949 (the last codification prior to statehood) contained the following two provisions:

§ 66–8–55. *Proceedings where indictment not found a true bill.* [W]hen a person has been held to answer a criminal charge, and the indictment in relation thereto is not found "a true bill," ... it must be [e]ndorsed "not a true bill," which [e]ndorsement must be signed by the foreman, and presented to the court and filed with the clerk, and remain a public record; but in the case of an indictment not found "a true bill" against a person not so held, the same, together with the minutes of the evidence in relation thereto, must be destroyed by the grand jury.

§ 66–8–56. —*Effect: Re-examination by jury.* [W]hen an indictment [e]ndorsed "not a true bill" has been presented in court and filed, the effect thereof is to dismiss the charge; and the same can not be again submitted to or inquired of by the grand jury, unless the court so orders.

Upon statehood, these two provisions were split. A modified form of § 66–8–55 became Alaska Criminal Rule 6(i) (enacted by Supreme Court Order No. 4, effective October 4, 1959),[2] while § 66–8–56 became AS 12.40.-080, enacted by the legislature in Sec. 5.08 of chapter 34, SLA 1962.

No Alaska case has construed AS 12.40.080 or addressed the reasons why the superior court might properly authorize the State to present a charge to the grand jury a second time. Moreover, like AS 12.40.080, most of the analogous statutes from other states fail to enunciate the standards a court should apply when determining whether the government should be allowed to resubmit a charge to the grand jury. However, according to LaFave & Israel, *Criminal Procedure*, *supra*, these statutes "have been construed as ordinarily requiring a showing of substantial additional evidence not submitted to the first grand jury."[3]

While there is little Alaska legislative history elucidating the purposes behind AS 12.-40.080, some light can be shed on the matter by reviewing the purposes behind the analogous statute found in New York's Field Code, from which AS 12.40.080 is descended. *Andreanoff*, 746 P.2d at 475 n. 2.

■ New York Criminal Procedure Law § 190.75(3) is the modern version of New York's resubmission statute; it is derived from § 270 of New York's former criminal

---

**2.** This original version of Alaska Criminal Rule 6(i) read, in pertinent part:

*Finding and Return of Indictment.* ... The indictment shall be returned by the grand jury in open court to the presiding judge. If the defendant has been held to answer and a majority of jurors do not concur in finding an indictment, the foreman shall so report to the court in writing forthwith.

**3.** There are four states whose statutes expressly provide that resubmission is permitted only when the prosecutor has additional information that was not presented to the first grand jury.

*See* Colorado Statute § 16–5–204(e) (requiring "additional evidence"), Georgia Code § 27–702 (requiring that, after the grand jury has twice returned a "no true bill", the government must present newly discovered evidence or demonstrate fraudulent conduct on the part of the accused), Nebraska Statute § 29–1416(2) (requiring a demonstration that additional evidence has been discovered), and New Mexico Statute § 31–6–11.1 (prohibiting a second grand jury inquiry into the same matter if the second inquiry is based on the same evidence).

code. *See* Practice Commentaries, N.Y.Crim.Proc.L. § 190.75. Former § 270 was enacted to further a principle analogous to the guarantee against double jeopardy, "to provide a convenient check" on the government's practice of repeatedly submitting proposed indictments to the grand jury after those indictments had been dismissed. *People ex rel. Flinn v. Barr*, 259 N.Y. 104, 181 N.E. 64, 65–66 (1932) (quoting commentary from the proposed Code of Criminal Procedure, § 286). Or, as stated in *People v. Field*, 15 N.Y.S.2d 561 (N.Y.Crim.Ct.1939),

> If repeated trials for the same offense ... is contrary to the spirit of our criminal law, so also is repeated submissions of the same charge to different grand juries, except in unusual cases, when for cause shown the court in its discretion may direct a resubmission.

*Field*, 15 N.Y.S.2d at 564–65. Because the purpose of the rule is to prevent prosecutorial abuse of the grand jury's role in making charging decisions, "the court's power to grant resubmission[ ] should be exercised sparingly and discriminately". *People v. Dykes*, 86 A.D.2d 191, 449 N.Y.S.2d 284, 287 (1982).

■ Resubmission can not be based simply on the fact that the prosecutor (or the judge) is dissatisfied with the grand jury's decision. *People v. Martin*, 71 A.D.2d 928, 419 N.Y.S.2d 724, 725 (1979); Practice Commentaries, N.Y.Crim.Proc.L. § 190.75. However, under New York law, newly discovered evidence is but one basis for permitting the government to resubmit a charge. "What is required [are] some legitimate[,] concrete reasons that ... justify a second opportunity to present the case." Practice Commentaries, N.Y.Crim.Proc.L. § 190.75. *Accord People v. Washington*, 125 A.D.2d 967, 510 N.Y.S.2d 402, 403 (1986); *People v. Ladsen*, 111 Misc.2d 374, 444 N.Y.S.2d 362, 365 (N.Y.Sup.Ct.1981) (stating that "newly discovered or additional evidence" is not necessarily the only basis for allowing resubmission). For instance, a judge may allow the government to resubmit a charge when it is shown that the grand jury did not conduct a "complete and impartial investigation" of the case or when it is shown that the grand jury

acted irregularly. *People v. Dykes*, 449 N.Y.S.2d at 288. *See also People v. José C.*, 127 Misc.2d 689, 487 N.Y.S.2d 499, 502 (N.Y.Crim.Ct.1985) (resubmission was proper when the court concluded that the grand jury "must have given the case an incomplete or partial investigation"). *But see People v. Pack*, 179 Misc. 316, 39 N.Y.S.2d 302, 309 (N.Y.City Ct.1942) (resubmission is proper only when "new and substantial facts" are offered).

A review of the New York cases indicates that "new evidence" for purposes of returning to the grand jury is usually interpreted to mean simply "additional" evidence, and not the "newly discovered evidence" that would justify setting aside a conviction. *People v. Ladsen*, 444 N.Y.S.2d at 365–66. That is, when a prosecutor seeks to return to the grand jury based on "new evidence", New York courts have held that resubmission is permissible even when the government's new witnesses and evidence were available to the prosecutor at the time of the first grand jury hearing and could have been introduced had the prosecutor acted with due diligence. *See People v. Martin*, 419 N.Y.S.2d at 725.

At the same time, the fact that the government's additional evidence was unavailable at the time of the first grand jury proceeding is a factor that a court can rely on in deciding to allow resubmission of the charge. For instance, it is proper to allow the government to return to the grand jury to present the testimony of a witness who was unavailable during the first grand jury hearing. *Ladsen*, 444 N.Y.S.2d at 366; *see People v. Zirpola*, 88 A.D.2d 758, 451 N.Y.S.2d 483, 484 (1982) (government was allowed to return to the grand jury to present the testimony of a codefendant who, as part of a plea bargain, agreed to waive the privilege against self-incrimination and testify against the defendant).

■ Another factor a court should consider is whether the prosecutor has acted with due diligence. *People v. Anderson*, 143 A.D.2d 192, 531 N.Y.S.2d 638, 639 (1988) (holding that the trial court improperly denied the government's resubmission request when the prosecutor discovered new evidence that was not available at the time of the first

grand jury hearing despite the government's diligent efforts). *Cf. People v. Williams,* 493 N.Y.S.2d 540, 543 (N.Y.Sup.Ct.1985) (indicating that the diligence of the prosecutor and the realities of the investigative process are factors to be considered).

■ Using these criteria, we conclude that Judge Curda did not abuse his discretion when he allowed the prosecutor to resubmit the second-degree sexual assault charge to the grand jury. Under the facts of this case, Judge Curda could justifiably conclude that T.P. had important testimony to give on the issue of Ephamka's identity as G.L.'s assailant, and the judge could also justifiably conclude that the government had made diligent but unsuccessful efforts to present T.P.'s testimony to the grand jury at the first hearing. We therefore uphold Judge Curda's decision to allow the State to return to the grand jury, and we thus uphold the resulting indictment.

■ We now turn to Ephamka's attack on his sentence. Ephamka was a second-felony offender convicted of attempted second-degree sexual assault, a class C felony under AS 11.41.420(b) and AS 11.31.100(d)(4). At the time of his offense, Ephamka was on probation from a 1988 conviction for incest for which he had received a sentence of 5 years' imprisonment with 3 years suspended. In addition to this prior felony, Ephamka had a juvenile delinquency adjudication for second-degree sexual assault.

Ephamka faced a presumptive term of 2 years' imprisonment for his present crime. AS 12.55.125(e)(1). Judge Curda found that the State had proved three aggravating factors under AS 12.55.155(c): (c)(10)—that Ephamka's conduct was among the worst included in the definition of attempted second-degree sexual assault because Ephamka had actually committed a higher degree of offense (a completed sexual assault); (c)(19)—that Ephamka had a delinquency adjudication for conduct that would have been a prior felony if committed by an adult; and (c)(20)—that Ephamka was on felony probation when he committed the present crime. Based on these aggravating factors, Judge Curda enhanced Ephamka's sentence by adding 3 years of suspended imprisonment to the 2-year presumptive term; that is, he sentenced Ephamka to 5 years' imprisonment with 3 years suspended. In addition, Judge Curda revoked the remaining 3 suspended years of imprisonment from Ephamka's incest conviction and ran these 3 years consecutively to the attempted second-degree assault sentence. Thus, Ephamka received a composite sentence of 8 years' imprisonment with 3 years suspended (5 years to serve).

Ephamka concedes that Judge Curda found his prospects for rehabilitation to be "guarded", but he notes that the prosecutor asked only for a composite 4 years to serve. Ephamka argues that Judge Curda had no reason to exceed the prosecutor's recommendation. We disagree.

Judge Curda noted that, even though Ephamka was only 23 years old at the time of sentencing, he had already had substantial contact with the justice system, both as a juvenile and as an adult. Judge Curda noted that Ephamka had a history of sexual offenses, as well as a history of doing poorly on probation. Based on these factors, Judge Curda concluded that Ephamka's chances for rehabilitation were guarded, that Ephamka's rehabilitation, if it was to occur, would have to occur in the structured setting of a corrections facility, and that his sentence had to emphasize the sentencing goals of deterrence and community condemnation. *See* AS 12.-55.005.

■ Judge Curda imposed a total of 5 years to serve, not the 4 years the prosecutor recommended. But it is the judge who must decide a defendant's sentence, not the prosecutor. Reasonable people can differ regarding the proper sentence for a particular defendant; the supreme court's adoption of the "clearly mistaken" standard of review in sentence appeals rests on the recognition that there is a "range of reasonable sentences" for any given defendant. *State v. Wentz,* 805 P.2d 962, 965 (Alaska 1991). Having examined the entire record in this case, we conclude that the sentence imposed by the superior court is not clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

The judgement of the superior court is AFFIRMED.