OPINION OF THE COURT
Herbert J. Adlerberg, J.
The defendant moves to dismiss the instant indictment upon grounds set forth in CPL 190.75 in that Justice George Roberts abused his discretion in authorizing a resubmission of identical *983 charges to a different Grand Jury after the first Grand Jury had voted a no true bill.
The defendant was arrested on June 21, 1995 and charged with the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree. Upon his arraignment in Criminal Court, bail was set in the sum of $500 insurance company bond or cash and the matter was adjourned. The Assistant District Attorney presented the matter to a Grand Jury on June 23, 1995. At that proceeding two police officers testified as to certain observations they made of the defendant prior to his arrest, and to the recovery of certain property from his person after his arrest. In sum, Police Officer Prieto testified that he was on duty in plain clothes on the northbound No. 6 train on June 21, 1995 when he observed the defendant stepping in and out of doorways on the train and finally crowding the complainant and placing his left hand into the complainant’s rear left pocket and removing a sum of United States currency. Police Officer Michaels testified that he arrested the defendant and recovered the sum of $60 in United States currency from the defendant’s right pants pocket.
At this point in the proceedings the complainant had not appeared, and the Assistant decided to go forward without his testimony. She charged the Grand Jury on the law of circumstantial evidence in regard to whether or not the People had established that the defendant had permission or authority to pick the complainant’s pocket and appropriate the proceeds to himself. The Grand Jury voted no true bill. Shortly after the vote, the complainant, a 65-year-old Haitian man, appeared and claimed he was late because he had "train trouble”.
On June 28, 1995, the Assistant appeared before the then Grand Jury Judge, Justice Roberts, and sought leave to resubmit the matter to another Grand Jury. The Assistant’s affidavit in support of her motion to resubmit cited the present availability of the complainant and the previous inability of the first Grand Jury to impartially assess the facts presented to them without the testimony of the complainant. Justice Roberts granted the Assistant leave to re-present to a second Grand Jury, and that Grand Jury voted to indict the defendant.
In People v Jones (206 AD2d 82 [1994]) the Appellate Division, First Department, had occasion to discuss the effect of CPL 190.75. The Court stated:
"CPL 190.75 (3) provides in relevant part that: 'When a charge has been so dismissed, it may not again be submitted to *984 a grand jury unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or a different grand jury.’
"The purpose of the foregoing statute is to prevent the prosecutorial abuse of resubmitting the same charges, after dismissal, to a new grand jury without sufficient and adequate reasons (People v Martin, 71 AD2d 928). The trial court’s power to supervise the resubmission is not merely ministerial and the resubmission should be granted only upon a proper showing of a valid ground to warrant resubmission. Such grounds would encompass a showing that new evidence has been discovered; that the Grand Jury failed to give the case a complete and impartial investigation; or that there is a basis for believing that the Grand Jury otherwise acted in an irregular manner (People v Dykes, 86 AD2d 191).” (People v Jones, supra, at 85-86 [emphasis supplied].)
There is no suggestion here that the Grand Jury failed to give the case a complete and impartial investigation, nor is there any basis for believing that the Grand Jury acted in an irregular manner. The only issue presented is: Upon the facts of this case (witness, purportedly under the control of the prosecutor, fails to appear on time for a Grand Jury presentation and the prosecutor decides to proceed at her risk and is disappointed with the resulting vote of no true bill) may the prosecutor claim that the now available witness constitutes newly discovered evidence?
In support of their position, the People cite certain language in People v Washington (125 AD2d 967 [4th Dept 1986]). In that case a matter was presented to the Grand Jury where a key witness against the defendant was an accomplice as a matter of law. The Grand Jury was not charged with respect to the law, nor were they asked to vote since the prosecutor felt there was insufficient evidence to corroborate the accomplice. Two years later, the prosecutor acquired new evidence, received permission of the court to re-present the case and procured an indictment. In upholding the trial court’s authorization to represent the case, the Appellate Division stated: "CPL 190.75 (3) does not require new evidence to allow resubmission; rather, the District Attorney is only required to give a legitimate reason why the case should be presented to a second Grand Jury (cf. People v Dykes, 86 AD2d 191, 195). Moreover, standards for reviewing the contents of ex parte applications for permission to resubmit charges to a second Grand Jury, which were developed specifically to protect the integrity of the Grand *985 Jury process where the Grand Jury had actually considered the evidence and voted no bill, are irrelevant in cases where the Grand Jury has never ruled on the evidence. A prosecutor’s unilateral action in not presenting a case to the Grand Jury * * * is not the same as an actual decision of a Grand Jury voting a no bill. ” (Supra, at 968-969 [emphasis supplied].)
In this court’s view the People’s reliance on Washington (supra) is misplaced since, in the instant matter, the Grand Jury did vote upon the evidence presented and chose to vote no true bill.
Clearly, a witness purportedly under the control of the District Attorney who happens to show up late for the presentation to the Grand Jury cannot be viewed as newly discovered. The Grand Jury had the opportunity to see and hear two police officers who observed the defendant remove money from the victim’s pocket and who testified that they recovered money from the defendant. The complainant’s testimony that he never gave the defendant permission or authority to remove and appropriate his property was the only missing piece, and that was covered by a circumstantial evidence charge. The fact that the prosecutor proceeded at her risk and is disappointed in the result is of no moment. There were insufficient grounds for the court to authorize a resubmission on the facts of this case.
Accordingly the defendant’s application to dismiss the indictment is granted.