■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GREEN, Also Known as ALLEN GREEN, Appellant. [671 NYS2d 250] —Judgment, Supreme Court, New York County (Harold Rothwax, J., on dismissal motion; Nicholas Figueroa, J., at jury trial and sentence), rendered June 21, 1995, convicting defendant of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 1³/₄ to 3¹/₂ years, unanimously affirmed.

Defendant's motion to dismiss the indictment based on purported violations of CPL 190.75 (3) was properly denied. After the Grand Jury voted a no true bill with respect to defendant, his codefendant exercised his right to testify before the Grand Jury and unexpectedly implicated defendant in the crime. This did not constitute a resubmission of the case against defendant. Immediately following the codefendant's testimony, the prosecutor properly sought and received approval of the supervising Justice of the Grand Jury to resubmit the charge of grand larceny against defendant based upon the previously unavailable testimony of the codefendant, which constituted "new evidence" (see, People v Zirpola, 88 AD2d 758, mod on other grounds 57 NY2d 706). However, prior to being informed of this order, the Grand Jury sua sponte reconsidered the dismissal of the indictment against defendant and voted to indict him. Contrary to defendant's contention, the record supports the conclusion that the decision to reconsider was truly independent and not the result of prosecutorial overreaching (compare, People v Neal, 231 AD2d 470, lv denied 89 NY2d 927, with People v Montanez, 90 NY2d 690).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Lerner, P. J., Nardelli, Wallach, Williams and Saxe, JJ.