■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL WASHINGTON, Appellant.—Judgment unanimously affirmed. Memorandum: We have examined defendant's contentions on his appeal of his convictions related to a May 4, 1980 incident involving the robbery and murder of Thomas Newman, a U-Haul rental agent, and find them to be without merit, and comment only on his claim that the court improperly authorized the resubmission of the case to a second Grand Jury (CPL 190.75 [3]). Defendant participated in the crime along with James Wentsley, with whom he was jointly indicted, and Charles Bond. Evidence pertaining to his in-

volvement was presented to a Grand Jury in the spring of 1981 by Assistant District Attorney James Lantier. Bond, who was the key witness at the trial, was also the key witness before the Grand Jury. The Grand Jury was not charged with respect to the law nor asked to return an indictment because Lantier felt there was insufficient corroboration of Bond's testimony. In 1983 new evidence became available to the prosecution and Assistant District Attorney William Fitzpatrick, who succeeded Lantier, requested and received permission authorizing the People to submit evidence to a second Grand Jury which indicted defendant on March 8, 1983 for his alleged involvement in the crime. On a pretrial motion, defendant sought dismissal of the indictment on the ground that the District Attorney should not have been allowed to resubmit the case to the Grand Jury based upon the conclusory allegations in Fitzpatrick's affidavit in which Fitzpatrick stated, after reciting the evidence presented to the first Grand Jury, that: "The [first] Grand Jury took no action regarding Washington or Wentsley nor was the Grand Jury ever asked to consider criminal charges against them. Neither Washington nor Wentsley have ever been charged in connection with this incident. Your deponent has been investigating this incident for the past two weeks and feels there is sufficient evidence now available to proceed against Washington and Wentsley."

The District Attorney's withdrawal of the case from the 1981 Grand Jury must be deemed the equivalent of a "dismissal" under CPL 190.75 (see, People v Wilkins, 68 NY2d 269) and under CPL 190.75 (3) it could not again be presented unless the court "in its discretion authorize[d] or direct[ed] the people to resubmit such charge to the same or another grand jury". In the case at bar, the prosecutor treated the withdrawal of the case from the first Grand Jury as a dismissal and applied to the court for permission to resubmit the case to a second Grand Jury. His affidavit detailed the evidence which had been presented to the first Grand Jury, which it never voted on, followed by the conclusory statement that sufficient evidence was now available to proceed against the defendant. Indeed, the motion court found after the hearing that new evidence had been presented to the second Grand Jury. Although defendant, as the predicate for his claim, relies on the lack of detail in the affidavit as to this new evidence, CPL 190.75 (3) does not require new evidence to allow resubmission; rather, the District Attorney is only required to give a legitimate reason why the case should be presented to a

second Grand Jury *(cf. People v Dykes,* 86 AD2d 191, 195). Moreover, standards for reviewing the contents of ex parte applications for permission to resubmit charges to a second Grand Jury, which were developed specifically to protect the integrity of the Grand Jury process where a Grand Jury had actually considered the evidence and voted a no bill, are irrelevant in cases where the Grand Jury has never ruled on the evidence. A prosecutor's unilateral action in not presenting a case to the Grand Jury, although it may be tantamount to a dismissal, is not the same as an actual decision of a Grand Jury voting a no bill. We hold that all that was required here was a factual showing that sufficient evidence existed for consideration by a Grand Jury. In our view this threshold requirement was met and the court did not abuse its discretion in granting the People permission to resubmit the case to a second Grand Jury. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—murder, second degree, and other offenses.) Present—Dillon, P. J., Callahan, Green, Balio and Schnepp, JJ.