■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RIVERA, Appellant.—Judgment, Supreme Court, Bronx County (Stephen L. Barrett, J.), rendered January 25, 1990, convicting defendant, after a jury trial, of attempted murder in the second degree, two counts of assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 12½ to 25 years, three terms of 7½ to 15 years and one term of 2½ to 5 years, respectively, unanimously affirmed.

Defendant should not be heard to complain that the statement allegedly made by a hearsay declarant to the complainant was prejudicial because it was defense counsel who initially brought out that statement. In any event, defendant's contention that the original police complaint report should have been admitted because it contained a statement by the hearsay declarant that is inconsistent with a later statement purportedly made by that declarant is without merit. Defen-

dant mistakenly is comparing the *hearsay declarant's* statement that the man who shot the complainant was an "unknown perpetrator" with the *complainant's* statement that he was told by the declarant that defendant was the shooter. Furthermore, the unknown hearsay declarant could not have been "clearly and fairly apprised of the statements which may be subject to impeachment" *(People v Duncan,* 46 NY2d 74, 80).

Defendant also argues that the complaint follow-up report should have been admitted for impeachment purposes because it was inconsistent with the complainant's trial testimony. However, the ambiguous entry in that report concerning which "perpetrator" snatched the chain from complainant's neck was clarified by the complainant's testimony. As for the absence in the follow-up report of other facts that the complainant purportedly conveyed to a police detective, the trial court properly concluded that the report could not be admitted without having the detective clarify the extent to which he transcribed oral statements in the written report. In any event, even if it is assumed that the police reports were improperly excluded, the defense was not prejudiced because it was able to convey the alleged inconsistencies during cross-examination and in summation *(see, People v Johnson,* 176 AD2d 269).

Defendant's remaining claims were not preserved for appellate review, and we decline to review in the interest of justice. Were we to reach them, we would find them to be without merit, particularly in light of the overwhelming evidence of guilt. Concur—Murphy, P. J., Rosenberger, Kassal and Rubin, JJ.