■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HEMSTREET, Appellant. [652 NYS2d 60] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered October 4, 1994, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed with leave to the District Attorney to seek an order permitting resubmission of the charge to another Grand Jury.

On February 23, 1992, the mutilated body of Kenneth Hiep, Sr., was found in Rockland County. Suspicion apparently focused upon Patrick Bentz and the defendant Charles Hemstreet, since the victim had last been seen in their company. In September 1992, a Grand Jury commenced an investigation into Hiep's death. The prosecutor explained to the Grand Jury at the outset that although no one had yet been charged with a crime, the grand jurors would decide at the end of the presentation of evidence whether or not one or more people should be charged.

The Grand Jury, which sat on six separate occasions, heard testimony from 29 witnesses and received several documents into evidence. A review of the Grand Jury minutes reveals that these witnesses testified as to evidence relevant to the guilt of both the defendant and Patrick Bentz. At the conclusion of the presentation of evidence, the prosecutor asked the Grand Jury to consider a charge of murder in the second degree only against Bentz. The prosecutor noted that they were continuing with the investigation. The Grand Jury returned a true bill against Patrick Bentz charging him with murder in the second degree.

In September 1993, the prosecutor presented the case against the defendant to a second Grand Jury without seeking permission from the court (*see,* CPL 190.75 [3]). At this proceeding, the prosecutor presented 26 witnesses, 18 of whom had testified at the first Grand Jury and basically repeated their testimony at this second Grand Jury proceeding. One witness,

who had refused to testify at the first Grand Jury proceeding when called to the stand, testified at the second Grand Jury proceeding as to an incriminating statement made by Patrick Bentz. Of the seven witnesses who testified for the first time before the second Grand Jury, a review of their testimony reveals that it was mostly cumulative to prior testimony. After the presentment of the evidence, the Grand Jury voted a true bill against the defendant charging him with murder in the second degree.

Prior to trial, the defendant moved to dismiss the indictment on the ground, *inter alia,* that the prosecutor's withdrawal of the case against him from the first Grand Jury and the resubmission of the case to a second Grand Jury without seeking leave of the court violated CPL 190.75 (3). In opposing the motion, the People conceded that "the facts and evidence relied upon in support of the indictment of Bentz and subsequently [the defendant] were virtually identical". The County Court denied the defendant's motion and the defendant was subsequently tried for and convicted of murder in the second degree. On appeal, the defendant contends that the prosecutor acted without statutory authority when he resubmitted the case to the Grand Jury in the absence of court authorization. We agree and now reverse.

Where, as here, the prosecution has withdrawn an essentially completed case from the Grand Jury prior to any action having been taken by that body, the result will be deemed the functional equivalent of a dismissal under CPL 190.60 (4), and the prosecutor cannot resubmit the matter to a second Grand Jury without leave of court under CPL 190.75 (3) (*see, People v Wilkins,* 68 NY2d 269; *Matter of McGinley v Hynes,* 75 AD2d 897, *rev'd on other grounds* 51 NY2d 116, *cert denied* 450 US 918; *People v McCann,* 169 Misc 2d 253; *People v Holmes,* NYLJ, Aug. 18, 1992, at 22, col 3). Under these circumstances, prejudice to the defendant may have resulted both because the first Grand Jury, had it been given the opportunity to act pursuant to statute, may very well have dismissed the charge, and because had leave been sought to resubmit the charge, it may have been denied (*see,* CPL 210.35 [5]; *People v Wilkins, supra,* at 276-277; *People v Jones,* 206 AD2d 82, 86, *affd* 86 NY2d 493; *People v Dykes,* 86 AD2d 191, 194-195). Accordingly, the defendant's conviction must be reversed and the indictment dismissed, with leave to the District Attorney to apply for an order permitting resubmission of the charge to another Grand Jury. Bracken, J. P., Copertino, Joy and Altman, JJ., concur.