◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED WRIGHT, Appellant. [663 NYS2d 284] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered April 23, 1996, convicting him of promoting gambling in the first degree (four counts), possession of gambling records in the first degree, and possession of a gambling device, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of possession of a gambling device, vacating the sentence imposed thereon and dismissing that count of the indictment with leave to the District Attorney to seek an order permitting resubmission of the charge to another Grand Jury; as so modified, the judgment is affirmed.

We agree with the defendant that the prosecution's withdrawal of the count of possession of a gambling device from the Grand Jury, after it had essentially completed presenting its case with regard to said count, was the equivalent of a dismissal and leave of a court was required before resubmission of that count to a second Grand Jury (see, People v Wilkins, 68 NY2d 269; People v Hemstreet, 234 AD2d 609). Therefore, the conviction of that count must be reversed and the count dismissed, with leave to the District Attorney to apply to the County Court, Rockland County, for an order permitting resubmission of the count to another Grand Jury (see, People v Wilkins, supra; People v Hemstreet, supra).

We find no merit to the defendant's contention that the Supreme Court erred in refusing to submit the issue of territorial jurisdiction to the jury. Under the circumstances of this case, territorial jurisdiction was not in issue (cf., People v McLaughlin, 80 NY2d 466). Copertino, J. P., Sullivan, Friedmann and Luciano, JJ., concur.