■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZA ALSTON, Appellant. [666 NYS2d 405] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered May 3, 1996, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 6 to 12 years, unanimously affirmed.

The challenged portions of the People's summation do not warrant reversal. The court's curative action obviated any prejudice arising from the prosecutor's summation comments.

Defendant failed to create an adequate record regarding the ethnic makeup of the jury panel. This precludes review of his claim, made before the trial court only after jury selection had been completed, that the prosecutor exercised peremptory challenges to remove the only two African-American males from the panel (*see, People v Millan*, 216 AD2d 93, 94, *lv denied* 86 NY2d 798). In any event, the court properly concluded that the prosecutor's multiple stated grounds for the exercise of a peremptory challenge against each of the two individuals in question were non-pretextual (*see, Purkett v Elem*, 514 US 765; *People v Hernandez*, 75 NY2d 350, *affd* 500 US 352). None of the unchallenged prospective jurors possessed the same combinations of characteristics as the venirepersons in question. Concur—Rosenberger, J. P., Ellerin, Nardelli, Williams and Andrias, JJ.