■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL MOUX, Appellant. [689 NYS2d 71] —Judgment, Supreme Court, New York County (James Leff, J.), rendered April 3, 1995, convicting defendant, after a jury trial, of kidnapping in the first degree and grand larceny in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 15 years to life and 7½ to 15 years, respectively, unanimously affirmed.

In a prior order of this Court (257 AD2d 456), we held this appeal in abeyance and remitted for reconstruction of the *Sandoval* hearing, including a determination whether defendant had been present, or if not, whether he had waived his presence. The record supports the findings of the hearing court (Dorothy Cropper, J.) that defendant was present at the *Sandoval* hearing and that the trial court's ruling on the application was that if defendant had elected to testify in his own behalf, the People would have been permitted to inquire whether he had previously been convicted of a felony, but could not have inquired as to the identity or facts of the underlying felony. Defendant raises no further issues concerning the *Sandoval* ruling.

The trial court properly allowed the People to present rebuttal evidence. A significant issue at trial was whether an affidavit signed by the complainant, alleging that she had been coerced by the police into bringing charges, was the product of defendant's influence over the complainant. A defense witness, the attorney who prepared the affidavit, testified that he represented the complaining witness and not defendant. The People were entitled to contradict this non-collateral testimony with rebuttal evidence that the attorney in fact represented defendant (*People v Harris*, 57 NY2d 335, 345, *cert denied* 460 US 1047; *see also*, CPL 260.30 [7]). Testimony offered by a rebuttal witness, which defendant claims was prejudicial, was elicited on cross-examination and offers no basis for reversal.

The record indicates that defendant's waiver of his right to be present during sidebar questioning of prospective jurors was knowingly and voluntarily made (*see, People v Vargas*, 88 NY2d 363, 375-377).

The prosecutor's reasons for peremptorily challenging two prospective jurors were not pretextual (*see, People v Alston*, 245 AD2d 10, *lv denied* 91 NY2d 970). Concur—Ellerin, P. J., Wallach, Mazzarelli and Andrias, JJ.