■ The People of the State of New York, Respondent, v Cornell Young, Appellant. [716 NYS2d 608] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered April 16, 1999, convicting him of criminal possession of a weapon in the fourth degree, criminal possession of stolen property in the fifth degree, and jostling, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the arresting police officer improperly commented on prior uncharged crimes during his testimony. He contends that the comments were unduly prejudicial, warranting reversal and a new trial. That claim is not preserved for appellate review because the defendant failed to specify the basis of his objection (*see, People v West,* 56 NY2d 662; *People v Tevaha,* 84 NY2d 879).

In any event, the prejudicial information was elicited during cross-examination when the arresting officer answered a question posed to him by the defense counsel. Under the circumstances, the defendant may not seek a new trial because "[a] [d]efendant should not be permitted to be the knowing architect of reversible error" (*People v Casellas,* 227 AD2d 343, 346; *see, People v McFadden,* 261 AD2d 419; *People v Moux,* 260 AD2d 304; *People v Rivera,* 188 AD2d 322). Bracken, J. P., Thompson, Sullivan and McGinity, JJ., concur.

■ The People of the State of New York ex rel. James R. Cullen, on Behalf of Mario Lopez, Petitioner, v Commissioner of Corrections, Department of Corrections, Respondent. [718 NYS2d 856] —Writ of habeas corpus in the nature of an application for bail reduction upon Kings County Indictment No. 2000QN087074.

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the Supreme Court, Kings County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" (*People ex rel. Klein v Krueger,* 25 NY2d 497, 499; *see, People ex rel. Rosenthal v Wolfson,* 48 NY2d 230). Ritter, J. P., H. Miller, Feuerstein and Smith, JJ., concur.