■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR PRYOR, Appellant. [772 NYS2d 823]—

Judgment, Supreme Court, Bronx County (Ruth Sussman, J., on grand jury resubmission application; Denis Boyle, J., on dismissal motion; Troy Webber, J., at jury trial and sentence), rendered April 12, 2001, convicting defendant of robbery in the first and second degrees and criminal possession of a weapon in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 12 years, 6 years and 1 year, respectively, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning identification and credibility (*see People v Bleakley*, 69 NY2d 490 [1987]). The victim had sufficient opportunity to observe defendant at the time of the crime, gave a detailed and accurate description, and made a reliable lineup identification.

Defendant received a full opportunity to impeach the victim by means of a statement she made to a defense investigator. Defendant questioned the victim extensively about her statement, elicited the alleged inconsistencies between her statement and her trial testimony, and squarely placed these matters before the jury in summation. Accordingly, the trial court's restrictions on defendant's use of the statement did not impair his cross-examination or his right to a fair trial (*see People v Rivera*, 188 AD2d 322, 323 [1992], *lv denied* 81 NY2d 793 [1993]; *see also Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

The court properly exercised its discretion in permitting the People to resubmit the case to a second grand jury panel (*see* CPL 190.75 [3]). The fact that after the first submission there were insufficient votes to either indict or dismiss was a legitimate reason for a new submission. Accordingly, the motion court properly denied defendant's motion to dismiss the indictment. Since the People, in fact, obtained leave to resubmit, it is academic whether leave was required (*see e.g. People v Aarons*, 305 AD2d 45 [2003], *lv granted* 100 NY2d 567 [2003]).

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Andrias, J.P., Williams, Lerner, Friedman and Marlow, JJ.