OPINION OF THE COURT
Gustin L. Reichbach, J.
In both of these applications, consolidated for purposes of this decision, the District Attorney of Kings County seeks an order of this court ratifying the District Attorney’s decision to withdraw evidence from the grand jury to which a presentation was made and for permission to resubmit the matter to another future grand jury.
In both of these matters the District Attorney avers that he presented all the evidence the People had intended to present to each grand jury. In both cases the defendant testified before the grand jury. In both cases each grand jury voted a “no action.” Seeking clarification, the District Attorney learned that the grand jurors were unable to secure the vote of 12 or more jurors to vote for either “no true bill” or a “true bill.”
In People v Patrick, the People after being informed of the grand jury’s “no action,” endeavored to present to this same grand jury an additional officer who was present at the scene of the incident. They were not able to produce him because of the intervening Thanksgiving holiday. As a consequence, the term of that grand jury ended without the People being able to present this additional witness. In People v Pomie, there is no claim that the People have any further evidence to present. Rather, the District Attorney, in Pomie, seeks to present the very same case he had presented to the first grand jury. In both instances the District Attorney recognizes that, pursuant to People v Wilkins (68 NY2d 269 [1986]), a decision to withdraw a substantially presented case from one grand jury and re-present to another requires permission of the court. Nonetheless, in both applications substantial reliance is placed on People v Aarons (305 AD2d 45 [1st Dept 2003], affd 2 NY3d 547 [2004]). However, Aarons (supra) offers little guidance for these two applications.
*800 The issue in Aarons (supra) was whether or not the District Attorney had to seek permission of the court to continue to present additional evidence to the very same grand jury that preliminarily indicated it could take no action. In Aarons, a sitting grand jury was presented with evidence and charged on a Friday. When they indicated later that afternoon that they were having difficulty reaching a decision on which 12 or more grand jurors agreed, the District Attorney had them cease deliberations. The following week, the District Attorney presented additional evidence to this same grand jury. The First Department stressed that such a “momentary stalemate . . . was indecision, not a decision to dismiss.” (305 AD2d 45, 50 [2003].) The majority found that there was no basis to infer a fact of dismissal by what it termed a “hiatus in deliberations” (id. at 51). The Court of Appeals, in affirming the First Department’s decision, supported that rationale and added that the Legislature “did not intend that a grand jury’s dismissal of a charge be inferred from its failure to indict a suspect.” (2 NY3d at 551.) Therefore, in those circumstances, the District Attorney need not seek the court’s permission before additional evidence is presented to the same grand jury.
The issue confronting the Court in Aarons (supra), whether the court’s permission is needed to continue a presentation, is not presented here. Rather than continuing a presentation to the original grand jury, as in Aarons (supra), the District Attorney is seeking to invoke the court’s discretionary power under CPL article 190 to allow it to re-present to a new grand jury.
Clearly, the withdrawal of these cases, after presenting all the evidence, constitutes a dismissal requiring leave of the court to resubmit the case to a second grand jury. (CPL 190.75 [3]; People v Wilkins, 68 NY2d 269 [1986].) Such a request is addressed to the court’s “discretion” (CPL 190.75 [3]). The court’s role is not simply “ministerial” (People v Martin, 71 AD2d 928, 929 [2d Dept 1979]) and the court’s power to grant resubmission “should be exercised sparingly and discriminately.” (People v Dykes, 86 AD2d 191, 195 [2d Dept 1982].)
In People ex rel. Flinn v Barr (259 NY 104, 109 [1932]), the Court held that “for cause shown the Court in its discretion may direct a resubmission.” Most courts have held that “ ‘good cause’ means newly discovered or additional evidence.” (People v Ladsen, 111 Misc 2d 374, 378 [NY County 1981].) And the Second Department has been vigilant to ensure that the *801 “Court’s power to grant resubmissions should, be exercised sparingly and discriminately.” (People v Dykes, supra at 195.) The “application for resubmission must be accompanied by facts sufficient to permit a proper exercise of discretion.” (Id. at 196; see also People v Jones, 206 AD2d 82 [1994], affd 86 NY2d 493 [1995].) Such grounds include a showing that new evidence has been discovered, that the grand jury failed to give the case a complete and impartial investigation, or that there is a basis for believing that the grand jury otherwise acted in an irregular manner. (Jones, supra.) The Court in Martin (supra) went so far as to permit a reviewing court to examine the minutes of both presentations to assure itself that new evidence, as promised, had been presented. (People v Martin, 71 AD2d 928 [2d Dept 1979].) A District Attorney’s “dissatisfaction with the first Grand Jury’s action is not in itself sufficient reason to permit resubmission.” (Id. at 929; People v Dykes, supra at 196.)
 In People v Patrick, one of the instant applications, the District Attorney tried to present an additional witness to the original grand jury but because of a holiday was unable to do so before that grand jury term expired. This constitutes good cause and permission to re-present is granted. In People v Pomie, however, no good cause to re-present has been supplied. A full presentation was made. There is no new or additional evidence to present to a new grand jury. The People’s only claim is that by failing to muster 12 votes either way, they should be given another chance with the same case before a new grand jury. The People argue that since the grand jury did not vote “no true bill,” that provides reason enough to re-present. No factual basis is given to support a claim that a replay will result in pullulating a decision. Just stalemate, without additional facts to permit a proper exercise of discretion by this court, does not constitute good cause and permission to re-present the case against Pomie is denied.