OPINION OF THE COURT
Jill Konviser, J.
*619 The issue before this court is whether the failure of the grand jury to render a decision on the merits of a fully presented case is a legitimate reason to permit the People to re-present the case to a future grand jury. This court finds that the grand jury’s indecision constitutes such a legitimate reason and, thus, the People are authorized to re-present the case to a future grand jury.[1]
Background
On March 23 and March 24, 2006, the People presented evidence to a grand jury in the above-captioned case. The evidence consisted of testimony from the complaining witness, a detective and the defendant. After the People presented all of their evidence and charged the grand jury on the applicable law, the grand jury was directed to consider a single charge, burglary in the second degree. The grand jury deliberated on the matter and then informed the prosecutor, through its foreperson, that it was taking “No Action.” The following colloquy then took place:
“foreperson: No Action.
“the prosecutor: Members of the Grand Jury, you are unable to come [to] a vote of twelve or more for either True Bill or No True Bill.
“grand jurors: Yes.
“the prosecutor: Members of the Grand Jury, you will be hearing additional evidence or additional charges on the law at a later date. Please do not deliberate any further on this matter until I am able to present further evidence to you or to charge you on the additional law.”
On April 19, 2006, the prosecutor informed this court during an ex parte oral argument that he had made an effort to obtain additional evidence before the expiration of the grand jury term but was unable to do so. As a result, the prosecutor withdrew this fully presented case from the grand jury’s consideration on the last day of the grand jury term, March 31, 2006. The People, *620 pursuant to CPL 190.75 (3), now request permission from this court to re-present the case against the defendant to a future grand jury panel.[2]
Discussion
CPL 190.60 provides that “[a]fter hearing and examining evidence” a grand jury may take one of the following five actions. It may: (1) indict a person for an offense; (2) direct the district attorney to file a prosecutor’s information; (3) direct the district attorney to file a request for removal to the family court; (4) dismiss the charge; or (5) submit a grand jury report. Notwithstanding the permissive language of the statute, “the grand jury must act upon one of the options” contained in CPL 190.60 (People v Aarons, 305 AD2d 45, 49 [1st Dept 2003], affd 2 NY3d 547 [2004]; Mooney v Cahn, 79 Misc 2d 703, 705 [Sup Ct, Nassau County 1974]; 32 NY Jur 2d, Criminal Law § 1094), as “[t]he comprehensive statutory scheme regulating Grand Jury proceedings does not contemplate the termination of deliberations without some action by the Grand Jury” (People v Wilkins, 68 NY2d 269, 273 [1986]).
At least 12 members of the grand jury must concur before it may indict a person or dismiss a charge. (See CPL 190.25 [1]; People v Aarons, 2 NY3d 547, 552 [2004]; People v Foster, 279 AD2d 317, 321 [1st Dept 2001].) The law is well settled that the failure of a grand jury panel to obtain at least 12 votes to indict or 12 votes to dismiss a charge is not the equivalent of a “no true bill.” (People v Aarons, 2 NY3d at 551 [“(f)or the court to infer a dismissal of a charge from the grand jury’s inability to make a decision as to what action it should take . . . effectively eliminates one of the enumerated powers of the grand jury”]; People v Medina, 283 AD2d 250, 250 [1st Dept 2001] [“(t)he fact that there were neither 12 votes to indict nor 12 votes to dismiss was not the equivalent of a dismissal”]; People v Foster, 279 AD2d at 321 n 1 [“(i)n this case, there were neither 12 votes to indict nor dismiss, and to accept the trial court’s finding that the failure to obtain 12 votes for a true bill is equivalent to a dismissal would require the acceptance of the equally incorrect corollary, that the failure to garner 12 votes for a dismissal is equivalent to an indictment”].)[3]
*621 In this case, the grand jurors were unable to decide whether to vote a “true bill” or a “no true bill.” Under these circumstances, authorization to re-present to a future grand jury pursuant to CPL 190.75 (3) may be granted if the court, in its discretion, finds that the People have set forth: (1) a “factual showing that sufficient evidence existed for consideration by a Grand Jury”; and (2) a “legitimate reason” for re-presenting the case to a second panel. (People v Washington, 125 AD2d 967, 969, 968 [4th Dept 1986]; People v Albrecht, NYLJ, Sept. 21, 1993, at 23, col 3 [Sup Ct, Bronx County, Seewald, J.]; see People v Pryor, 5 AD3d 222, 223 [1st Dept 2004], lv denied 3 NY3d 661 [2004].)
Both of these criteria are satisfied in this case. With respect to the first requirement for re-presentation — that the People make a factual showing that there is sufficient evidence for consideration by the grand jury — this court has reviewed the transcript of the first grand jury presentation, which the People indicate will be similar to any future presentation,, and find that the People have met their burden. (See People v Washington, 125 AD2d at 969.)
The People have also satisfied the second requirement for representation. The Appellate Division, First Department, has held that the inability of a grand jury panel to obtain sufficient votes either to “indict or dismiss” a case is a “legitimate reason” for authorizing re-presentation to a second grand jury panel. (People v Pryor, 5 AD3d at 223.)[4]
The case law requiring a prosecutor to show, before a representation will be permitted, either that: (1) new evidence has been discovered since the case was first presented to the grand jury; (2) the grand jury failed to review the case completely and impartially; or (3) the grand jury acted in an irregular manner, is limited to situations where re-presentation is sought after a no-true bill has been voted or where the case has been fully presented but the grand jury has not been asked to render a deci *622 sion. (People v Dykes, 86 AD2d 191, 195 [2d Dept 1982], citing People v Martin, 71 AD2d 928, 929 [2d Dept 1979]; see People v Hemstreet, 234 AD2d 609 [2d Dept 1996]; People v Washington, 125 AD2d at 968-969.) The law is so to prevent prosecutors from seeking to re-present simply because they disagree or are dissatisfied with the action taken by the grand jury, or because they are in search of a more compliant grand jury. (People v Jones, 206 AD2d 82, 86 [1st Dept 1994], affd 86 NY2d 493 [1995]; People v Martin, 71 AD2d at 929.)
The aforementioned concerns regarding re-presentation requests after a grand jury has returned a no-true bill (see e.g. People v Martin, 71 AD2d at 929), or when a case has been fully presented but not submitted to vote (see e.g. People v Wilkins, 68 NY2d at 274, 275), are simply not present here. In this case the People submitted their entire case, including the defendant’s testimony, to the first grand jury panel. The panel was then charged on the law and directed to consider the sufficiency of the burglary charge. The grand jurors were unable to agree on whether to indict or dismiss the case before the expiration of the grand jury term, and, as such, the case was withdrawn. The transcript of the grand jury proceedings does not show that the prosecutor in any way attempted to manipulate the process or otherwise engage in improper conduct. The sole reason the case was withdrawn was because the grand jurors could not agree on whether to indict or dismiss, a “legitimate reason” to permit the People to re-present the case to a future grand jury. (People v Pryor, 5 AD3d at 223.) Indeed, to disallow a re-presentation in this context because the prosecutor has no new evidence to present or because the prosecutor has not shown that the grand jury failed completely and impartially to review the case or that it otherwise acted in an irregular manner, would be tantamount to a ruling that the failure of 12 grand jurors to agree to indict or dismiss is equivalent to a “no true bill” — a position that has been expressly rejected by the Court of Appeals. (See People v Aarons, 2 NY3d at 552; cf. People v Pomie, 11 Misc 3d 798 [2006].)
The People are authorized to re-present this case to a future grand jury.

. The People concede that this fully presented case, which was withdrawn from the grand jury when it was unable to agree whether to indict or dismiss, may not be re-presented to another grand jury unless the court, in its discretion, authorizes such a re-presentation. (People v Gelman, 93 NY2d 314, 319 [1999]; People v Wilkins, 68 NY2d 269 [1986].) An application to resubmit pursuant to CPL 190.75 (3) may be made on an ex parte basis. (People v Ladsen, 111 Misc 2d 374 [Sup Ct, NY County 1981]; see People v Washington, 125 AD2d 967, 968 [4th Dept 1986], lv denied 69 NY2d 887 [1987]; People v Dykes, 86 AD2d 191, 192 [2d Dept 1982].)

. Although the People’s motion was filed on April 18, 2006, they did not supply this court with a copy of the grand jury minutes until May 11, 2006.

. That each of these cases arose in the context of a single grand jury presentation whereby 12 or more grand jurors were initially unable to agree *621 whether to indict or dismiss but ultimately voted to indict, as opposed to this case whereby the term of the grand jury expired without 12 or more grand jurors agreeing on whether to indict or dismiss, is of no consequence. No matter the context, the operable principle is the same — the failure of a grand jury panel to obtain at least 12 votes to indict or 12 votes to dismiss a charge is not the equivalent of a “no true bill.”

. Due to the absence of any cases regarding this issue from the New York Court of Appeals and the Appellate Division, Second Department, this authority is binding on the Court. (Mountain View Coach Lines v Storms, 102 AD2d 663 [2d Dept 1984].)