■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAMSEY MILTON, Respondent. [837 NYS2d 279]—

Appeal by the People from so much of an order of the Supreme

Court, Kings County (Parker, J.), dated April 5, 2006, as granted that branch of the defendant's motion which was to dismiss the first and second counts of the indictment.

Ordered that the order is affirmed insofar as appealed from.

The People presented evidence to a grand jury that on August 17, 2005 the defendant participated in the sale of crack cocaine to an undercover officer in a so-called buy-and-bust operation, and the defendant testified on his own behalf. After being charged on the law, the grand jury first reported that it had voted a "No True Bill" and then, after questioning by the assistant district attorney and further deliberations, reported that "No Action" had been taken. The prosecution then resubmitted the evidence in support of two charges relating to August 17, 2005, together with evidence of two separate charges relating to August 27, 2005, to a second grand jury, which issued an indictment on the four charges. The defendant moved to dismiss the entire indictment, and the Supreme Court granted the motion to the extent of dismissing the two charges relating to August 17, 2005, that had been resubmitted to a second grand jury without prior judicial approval (*see People v Milton*, 11 Misc 3d 1073 [A], 2006 NY Slip Op 50543[U] [2006]). We affirm the order insofar as appealed from.

"Where, as here, the prosecution has withdrawn an essentially completed case from the Grand Jury prior to any action having been taken by that body, the result will be deemed the functional equivalent of a dismissal under CPL 190.60 (4), and the prosecutor cannot resubmit the matter to a second Grand Jury without leave of court under CPL 190.75 (3)" (*People v Hemstreet*, 234 AD2d 609, 610 [1996]; *see People v Wilkins*, 68 NY2d 269, 273 [1986]; *People v Morrison*, 34 AD3d 398 [2006]; *People v Wright*, 243 AD2d 746 [1997]). This requirement of judicial approval addresses the concern "that a prosecutor could attempt to circumvent the restrictions on re-presentment without judicial approval by withdrawing a matter from a grand jury prior to a vote in order to submit it to another grand jury, perhaps more receptive to an indictment 'without the consent of either the first Grand Jury or the court which impaneled it' " (*People v Aarons*, 2 NY3d 547, 552 [2004], quoting *People v Wilkins, supra* at 271). Accordingly, the Supreme Court properly dismissed the two counts of the indictment which were based on evidence previously submitted to the first grand jury. Rivera, J.P., Goldstein, Dillon and Carni, JJ., concur. [*See* 11 Misc 3d 1073(A), 2006 NY Slip Op 50543(U) (2006).]