*374 OPINION OF THE COURT
Miriam Cyrulnik, J.
The defendant moves to dismiss the above docket pursuant to CPL 170.30 (1) (f) and 190.75. The People have submitted a reply in opposition, and the court has been provided with a copy of the grand jury minutes for in camera inspection.
The motion to dismiss was denied on the record on March 10, 2008 and this opinion follows.
Factual Background
The defendant is charged under the above docket with assault in the third degree and harassment in the second degree. The defendant was initially charged with several felony charges, among them multiple counts of rape in the first degree, and arraigned on those charges on May 20, 2007. After the defendant testified before the grand jury on May 30, 2007, the grand jury voted a no true bill as to the felony charges, but took no action as to the remaining misdemeanor charges against him.[1] The People then filed a purported superseding information in criminal court, charging only the two misdemeanors.
The defendant now seeks to dismiss the docket, claiming that the filing of the superseding information is akin to the prosecutor withdrawing the charges from the grand jury, and that withdrawal is the equivalent of a dismissal of the charges. He asserts that since the People did not receive authorization from the grand jury or the court prior to filing the misdemeanor complaint and supporting deposition, they were barred from doing so under CPL 190.75.
The People assert that the superseding information filed in criminal court is facially sufficient, and that they did not need permission from the grand jury or the court in order to file such an instrument. They argue that the grand jury’s lack of action on the misdemeanor charges distinguishes the present case from others which resulted in withdrawals or dismissals of the charges.
Legal Analysis
CPL 190.75 governs the dismissal of charges by a grand jury. CPL 190.75 (3) states:
*375 “When a charge has been so dismissed, it may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or another grand jury. If in such case the charge again is dismissed, it may not again be submitted to a grand jury.”
Statutory limits on the number of permissible presentations were enacted to “address the potential for prosecutorial abuse” that might have occurred under the common-law rule permitting submission of charges again and again until an indictment was obtained. (People v Morris, 93 NY2d 908, 910 [1999]; People v Gelman, 93 NY2d 314, 318 [1999].) In the instant case, the People did not withdraw the matter from the grand jury at the last moment, after the evidence had been presented. Rather, votes were cast by the grand jurors, and while the felony charges were dismissed, the grand jury was unable to agree to either indict the defendant or dismiss the matter; thus no action was taken upon the misdemeanor charges. (Compare People v Wilkins, 68 NY2d 269 [1986] [holding that under certain circumstances, withdrawal of charges after evidence has been presented may be deemed a dismissal, thereby implicating the statutory limits under section 190.75 (3)].) The ultimate issue then is whether a “no action” result by the grand jury is the equivalent of a withdrawal by the prosecutor at the last moment, i.e., a Wilkins dismissal, if it is simply a dismissal in its own right, or if it falls into neither of those two categories, and should not be deemed a dismissal. If the no action result is found to be comparable to either of the first two outcomes, then the prosecution must, under section 190.75 (3), seek leave to resubmit the matter to another grand jury.
When a grand jury takes no action because of an inability to reach a consensus to either indict or dismiss the charges, it is neither the equivalent of a withdrawal by the prosecutor nor a dismissal by default. For the grand jury’s actions to be official, “there must be a minimum of 12 votes for the particular action taken.” (People v Foster, 279 AD2d 317, 321 [1st Dept 2001].) The grand jury must take an affirmative action for it to qualify as a decision; an outcome cannot be inferred from the lack of decisive action by the grand jurors. To equate “the failure to obtain 12 votes for a true bill. . . [as] a dismissal would require the acceptance of the equally incorrect corollary, that the failure to garner 12 votes for a dismissal is equivalent to an indictment.” (Id. at 321 n 1.) Moreover, when there has been “ ‘nei *376 ther 12 votes to indict nor 12 votes to dismiss [at the first grand jury],’ ” it is “ ‘not the equivalent of a dismissal,’ ” and the prosecution is “not required to obtain the court’s permission to re-present defendant’s case to a second grand jury.” (People v Morrison, 34 AD3d 398, 399 [1st Dept 2006], quoting People v Medina, 283 AD2d 250 [1st Dept 2001]; see also People v Aarons, 2 NY3d 547 [2004].)
Even if the case had been withdrawn from the grand jury after they had been unable to reach a decision on the misdemeanor counts, the People would still likely have received authorization to re-present the case to a subsequent grand jury. (See People v Gordon, 13 Misc 3d 618, 621 [Sup Ct, Kings County 2006] [noting that “the inability of a grand jury panel to obtain sufficient votes” to reach an outcome is a “ ‘legitimate reason’ for authorizing re-presentation to a second grand jury panel”], quoting People v Pryor, 5 AD3d 222, 223 [1st Dept 2004],)[2]
However, this court need not make any further determination of what classification a no action result by the grand jury should be in this particular case, as the prosecutor did not resubmit the charges to another grand jury, but instead filed a superseding complaint in criminal court, a scenario not addressed by section 190.75 (3). Therefore, the focus of this court should be directed to the necessity of the prosecution to seek permission to file a superseding information with the criminal court following a split decision from the grand jury: dismissal of the felony charges and no action as to the misdemeanor charges.
As a general principle, “[t]he mere fact that the Grand Jury determined that there was no basis to proceed with the felony charges does not preclude continued prosecution of the misdemeanor charge.” (People v Bachety, 112 Misc 2d 957, 959 [Nassau Dist Ct 1982] [permitting the prosecution of pending misdemeanor charges to proceed after felony charges were dismissed].) The prosecutor has the discretion to determine whether to file charges with the grand jury or the local criminal court. (See e.g. People v Harris, 148 Misc 2d 408 [Crim Ct, NY County 1990] *377 [reduction of felony charges to misdemeanors]; People v McDonnell, 83 Misc 2d 907 [Sup Ct, Queens County 1975].)
Furthermore, courts have held that the requirement of the “leave of the court” under CPL 190.75 (3) to re-present a case one time to a grand jury is directed only toward a prosecutor who resubmits a “ ‘charge repeatedly to successive Grand Juries after the same charge had been dismissed by their predecessors’ [citations omitted].” (People v Vega, 2003 NY Slip Op 50876[U], *3 [App Term, 1st Dept 2003], quoting People v Gelman at 318.) The Vega court held that this requirement is unique to the resubmission to the grand jury, and the
“statute does not apply to a situation where, as here, felony and unrelated non-felony charges are withdrawn from Grand Jury consideration upon the District Attorney’s discretionary decision to voluntarily dismiss the felony charges and prosecute only the remaining non-felony offenses in a local criminal court (cf., People v. Nelson, 298 NY 272 [involving predecessor statute]).” (Id.)
While in Vega the prosecution withdrew the charges from the grand jury, unlike the no action outcome by the grand jury in the present case, these two differing scenarios nevertheless lead to similar outcomes in a subsequent criminal court action. On this issue, Professor Peter Preiser wrote in his Practice Commentaries,
“[i]n a related vein there may be an open question of whether refusal of permission to resubmit will block prosecution of a lesser included charge by information in a local criminal court. The CPL revisors’ staff comments indicate that this section was derived from § 270 of the old Code of Criminal Procedure (see 1967 proposal at 165). But significantly the text has not carried forward the restriction in § 270, which specifically extended the judicial leave prerequisite to prosecution of defendant in a local criminal court on a charge dismissed by the Grand Jury. The omission of that restriction here, in the face of its obvious inclusion in the Code, appears to indicate a conscious — albeit unexplained — choice to permit prosecution of the offense as a misdemeanor in a local criminal court.” (McKinney’s Cons Laws of NY, Book 11A, CPL 190.75, at 140 [2007 ed].)
Moreover, looking to the legislative intent on the issue, in creating the CPL, it may have been the Legislature’s “decision *378 to preserve the People’s long-standing discretion to prosecute misdemeanor charges outside of the Grand Jury” without authorization. (See People v Patterson, 148 Misc 2d 528, 536 [Crim Ct, Kings County 1990] [distinguishing between the authorization required to resubmit charges to the grand jury and the greater freedom to prosecute new misdemeanor charges outside that venue].) Therefore, as the People are choosing to pursue their case in criminal court, they may proceed without receiving judicial permission.
Accordingly, the defendant’s motion to dismiss is denied.

. The minutes of the grand jury proceedings reveal that there were insufficient votes for either a true bill or a no true bill. This was termed a “no action” by the prosecutor.

. Unlike the usual strict standard for grand jury re-presentation after a no true bill, there is less of a showing required to re-present to another grand jury if the People have withdrawn the case after no action has been taken. The People must then make (1) a “factual showing that sufficient evidence existed for consideration by a Grand Jury”, and (2) a “legitimate reason” for re-presenting the matter to another grand jury. (See People v Gordon at 621 [internal quotation marks omitted], quoting People v Washington, 125 AD2d 967, 968-969 [4th Dept 1986].)