*714 OPINION OF THE COURT
Robert K. Holdman, J.
The People made an oral motion for leave to re-present to a second grand juiy all the charges presented to the original grand jury. Defendant opposed the People’s request to resubmit the charges, both orally at the time of the People’s oral motion and in a subsequent letter to the court. The People submitted a written reply to defense counsel’s letter, reiterating their basis for seeking to re-present the charges to another grand jury.
The grand jury was presented with charges of manslaughter in the first degree, manslaughter in the second degree, criminally negligent homicide and two counts of endangering the welfare of a child, one with respect to the deceased child and the other as to the deceased’s sibling. The grand jury dismissed the manslaughter in the first degree and the endangering count relating to the sibling. The grand jury was unable to come to a decision with respect to the charge of manslaughter in the second degree. The grand jury voted to indict on the criminally negligent homicide and endangering the welfare with respect to the deceased.
The People contend that they were made aware by the Chief Medical Examiner’s Office of apparent additional injuries to the baby that had not been presented to the grand jury, namely, bilateral retinal hemorrhages consistent with shaking the child on the day of his death, and evidence of an older fracture to the child’s leg. According to the People, the reports were incomplete at the time of the grand jury presentation and the Medical Examiner’s Office was not able to testify regarding those injuries. Since the grand jury’s term was scheduled to end, the People intended to seek an extension of the term to present the additional evidence. However, the People became aware at that time that one of the grand jurors, who had not heard the evidence or voted, was related to the deceased. The People sought guidance from the impaneling justice, who directed the People not to present additional evidence to the same grand jury.
As to the charge of manslaughter in the first degree, dismissed by the grand jury, Criminal Procedure Law § 190.75 (3) provides that a charge that has been dismissed “may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or another grand jury.” “[R]esubmission should be granted only upon a proper showing of a valid ground to warrant resub *715 mission.” (People v Jones, 206 AD2d 82, 86 [1st Dept 1994].) Valid grounds to resubmit would include a showing that new evidence has been discovered since the former submission; that the grand jury failed to give the case a complete and impartial investigation; or that there is a basis for believing that the grand jury otherwise acted in an irregular manner (People v Dykes, 86 AD2d 191 [2d Dept 1982]; People v Jones, 206 AD2d 82 [1994]).
Since the People have shown that they have new evidence, not available at the first grand jury presentation, authorization to re-present the dismissed count may be granted in the court’s discretion.
With respect to the charge of manslaughter in the second degree, as to which the grand jury was unable to vote either a true bill or a dismissal, the fact that after the first submission there were insufficient votes to either indict or dismiss constitutes a legitimate reason for a new submission. (People v Pryor, 5 AD3d 222 [1st Dept 2004]; People v Gordon, 13 Misc 3d 618 [Sup Ct, Kings County 2006].)
The People allege that the relationship of one of the grand jurors to the deceased constitutes an additional ground warranting re-presentation, and defendant addresses only that aspect of the People’s request to resubmit. On Thursday, September 11, 2008, it came to the attention of the Office of the District Attorney that one of the grand jurors was the sister of the deceased child’s mother. On Thursday, September 4, 2008, the grand juror had informed a grand jury warden that she was aware that the case was going to be presented and she was told not to sit in the grand jury during the presentation of evidence, the deliberations, or the vote. The grand juror did not come to court on Friday, September 5 or Monday, September 8. Evidence was presented on both those dates. She left early on Tuesday, September 9, and was not present on that date for the presentation of evidence or the vote in this case, which occurred after 7:00 p.m. on Tuesday, September 9. She did not communicate with the other grand jurors regarding her relationship to the case. Apparently, however, the grand jurors figured out the relationship on their own, based on the grand juror having told the rest of the grand jury that she would not be in because she had a death in the family, and because of the resemblance of the grand juror to her sister, the child’s mother, who testified in the grand jury. The grand jurors apparently took up a collection and sent condolences to the funeral home for the services for the deceased.
*716 Defendant argues that there has been no showing that the grand jury proceeding was impaired or that any prejudice to defendant occurred, since the grand juror did not hear evidence or participate in the vote. Defendant contends that there is no basis for finding that any grand juror was influenced or felt undue pressure, arguing, in effect, that there is no showing that the grand jury failed to give the case a complete and impartial investigation or otherwise acted in an irregular manner, so as to warrant resubmission. (See People v Dykes, 86 AD2d 191 [1982], supra.)
The statutory provisions governing a grand jury do not provide for a challenge to a grand juror based on his or her relationship to a witness (see CPL 190.20 [2] [b]; Judiciary Law § 510), and remote familial relationships or speculative assertions of possible bias are insufficient to require dismissal of an indictment. (See People v Revette, 48 AD3d 886 [3d Dept 2008]; People v Huntington, 20 Misc 3d 1114[A], 2008 NY Slip Op 51350[U] [Essex County Ct 2008]; People v Wormuth, 35 AD2d 609 [1970]; People v Briggs, 50 Misc 2d 1062 [1966].)
Where a grand juror is absent from the grand jury room during a relative’s testimony, does not participate in any deliberations or vote on any charges that in any way involved them, does not discuss the circumstances with his or her fellow jurors or do anything to lobby or influence any fellow jurors, courts have found that there was no implied or actual bias requiring dismissal of the indictment. (See People v Nash, 236 AD2d 845 [4th Dept 1997]; People v Connolly, 18 Misc 3d 1117[A], 2008 NY Slip Op 50108[U] [Seneca County Ct 2008].)
However, a close relationship between a grand juror and a witness raises the real risk of potential prejudice. (People v Revette, supra.) This case is distinguishable from the above-cited cases, in that it was clear that the grand jury knew about the relationship of the grand juror to the deceased child and his family, including defendant. The extension of a concrete token of sympathy raises the question of partiality in their deliberations. An attempt to determine whether they felt sympathy toward their fellow grand juror or toward the defendant would be speculative and, in any event, immaterial. There is a risk that the sympathy which the grand jurors not only felt, but affirmatively expressed, affected the deliberations and vote.
The People have demonstrated valid grounds for resubmission of the entire case to a new grand jury, i.e., that they were made aware of additional evidence from the Office of the Chief *717 Medical Examiner which was not available at the first presentation. Defendant has not addressed that aspect of the People’s application to re-present.
The People’s motion to re-present is granted. The People, however, are limited to presenting only additional evidence of injuries consistent with their theory as to the cause of death. This precludes evidence of the earlier fracture of the child’s leg and other evidence of injuries occurring prior to the date of death unless it is the People’s theory that such evidence is consistent with the findings of the Medical Examiner as to the cause of death. In view of the foregoing determination, the court need not reach a conclusion as to whether the integrity of the grand jury proceeding was impaired, or whether, as defendant argues, the indictment should stand on the ground that there was no prejudice to defendant in the presentation.