Judgment, Supreme Court, New York County (Cassandra Mullen, J.), rendered February 14, 2011, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.
The court properly exercised its discretion in denying defendant’s request to recall a police officer for the purpose of inquiring about an alleged inconsistency between a witness’s testimony and a written summary of the witness’s statement to the officer that was signed by the witness, but prepared by the officer. The purported inconsistency was not material to the case, it had little or no probative value, and defendant’s assertion that, if recalled, the officer would have given testimony beneficial to the defense is speculative. In any event, the defense was able to alert the jury to the alleged inconsistency (see generally People v Pryor, 5 AD3d 222 [1st Dept 2004], lv denied 3 NY3d 661 [2004]). Since defendant never claimed he was constitutionally entitled to recall the officer, his constitutional claim is unpreserved (see People v Lane, 7 NY3d 888, 889 [2006]) and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (see Delaware v Van Arsdall, 475 US 673, 678-679 [1986]). Concur—Sweeny, J.P., Saxe, DeGrasse, Abdus-Salaam and Feinman, JJ.