OPINION OF THE COURT
Laura R. Johnson, J.
Defendant is alleged to have consumed alcohol in public on April 17, 2015 and, when he did not produce identification and the police proceeded to place him under arrest, to have tried to strike an officer with handcuffs and to have kicked at the windows of a police car. He was initially charged with both felonies and lesser offenses, but after a grand jury presentation at which defendant testified resulted in no action by the grand jury, the People filed a misdemeanor information.
On February 29, 2016, defendant moved for dismissal of the case. On April 8, 2016, this court issued a decision denying that aspect of defendant’s motion based on a claim that the People had exceeded the statutory time in which they are required to answer ready for trial (CPL 30.30). The court now addresses defendant’s motion for dismissal under CPL 170.30 (1) (f) and his contention that the fact that the matter was presented to a grand jury creates a jurisdictional impediment to this prosecution by criminal court information.
Facts
Defendant was initially charged by felony complaint with two felony counts of assault in the second degree (Penal Law § 120.05 [2], [3]) as well as nine other charges of misdemeanors and violations. Defendant filed cross grand jury notice (CPL 190.50). The grand jury presentation began on July 28, 2015 with testimony from Police Officers Rossomondo Phillip and Gary Williams. On July 29, 2015, defendant testified before the grand jury. On August 6, 2015, the presentation continued with the testimony of Police Officer Ronald Sanchez. On August *435 11, 2015, the People presented a documentary exhibit and then instructed the grand jury on the law.[1]
The prosecutor first confirmed that there were 12 or more jurors present who had heard the evidence presented on all the prior dates, and instructed the grand jury that only those jurors were qualified to deliberate and vote. He then instructed the jury on two felony charges: attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). He also instructed the grand jurors on six misdemeanor or violation charges: attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), resisting arrest (Penal Law § 205.30), obstructing governmental administration in the second degree (Penal Law § 195.05), disorderly conduct (Penal Law § 240.20 [1]), and littering in violation of Administrative Code of the City of New York § 16-118 (6).[2] The prosecutor reminded the grand jury that any action is accomplished by a vote of 12 or more jurors, either for a true bill on a charge (indictment) or for dismissal of that charge. He explained that if 12 jurors do not vote for indictment, it does not mean that the charge has been dismissed, because dismissal likewise requires a separate vote of at least 12 jurors. Before leaving the grand jury to their deliberations on all the charges, the prosecutor explained that “if there are insufficient votes for either an indictment or dismissal you will report that the Grand Jury has not been able to reach a determination by a vote of twelve to either indict or dismiss” (grand jury minutes, Aug. 11, 2015 at 22).
When the prosecutor was called back into the jury room, the following exchange occurred:
“[ADA]: Members of the Grand Jury has a vote been reached?
“FOREPERSON: No.
“[ADA]: I’m sorry?
*436 “FOREPERSON: No.
“JUROR: No decision on all counts.
“[ADA]: Is there any additional marshaling of the evidence that will assist the members of the Grand Jury?
“JUROR: No.
“[ADA]: Okay. Let the record so reflect that there is not. Is there any additional clarification of any of the terms or law that would assist the Members of the Grand Jury?
“JURORS: No.
“[ADA]: Let the record so reflect that there is not. Is there any additional time to deliberate which would assist the Members of the Grand Jury?
“JUROR: No.
“[ADA]: Let the record so reflect that there are not. Is there any additional evidence which would assist the Members of the Grand Jury?
“JURORS: (No verbal response).
“[ADA]: Let the record so reflect that there is not.”
The prosecutor left the room and, upon his return, stated, “Members of the Grand Jury I’m withdrawing this case from your consideration.” (Grand jury minutes, Aug. 11, 2015 at 22-24.)
On September 23, 2015 in Part AP1F, the People advanced the case for purposes of reducing it to a misdemeanor. Defendant was not present, but his attorney — the same person who had accompanied defendant when he testified in the grand jury — appeared.[3] The People moved for dismissal of the two felony counts of second-degree assault in the original complaint, and filed a misdemeanor information consisting of the sworn statement of Officer Ronald Sanchez and the supporting deposition of Officer Gary Williams. There was no discussion regarding the grand jury proceedings.[4] Defense counsel made no objection to the dismissal and reduction.
*437 Although it omits the felony charges, as well as the Administrative Code littering charge, the misdemeanor information otherwise charges defendant with the same offenses on which the grand jury failed to reach a vote of 12 or more jurors. It also includes the charges of consumption of alcohol in public (Administrative Code § 10-125 [b]), assault in the third degree (Penal Law § 120.00 [1]), attempted criminal mischief in the fourth degree (Penal Law §§ 110.00, 145.00 [1]), attempted tampering with physical evidence (Penal Law §§ 110.00, 215.40 [2]), and harassment in the second degree (Penal Law § 240.26 [1]) that were in the original felony complaint but were not submitted to the grand jury.
Analysis
Even when a grand jury has not voted to dismiss a charge, under certain circumstances it may be deemed “dismissed” within the meaning of CPL 190.75 (3) when a prosecutor “prematurely” removes it from consideration by the grand jury after testimony has been presented to them (People v Credle, 17 NY3d 556, 558 [2011]; People v Wilkins, 68 NY2d 269 [1986]). Defendant contends that the testimony of three police officers and the defendant himself, as well as two documentary exhibits presented by the People and a photograph offered in evidence by the defense, amounted to a sufficiently full presentation, which the People could not then simply withdraw from the grand jury. To an extent, defendant is correct. The People have no inherent power to withdraw an essentially completed case from the grand jury prior to any action having been taken by that body (People v Wilkins, 68 NY2d at 273-275; People v Page, 177 Misc 2d 448, 452 [Crim Ct, Bronx County 1998]; People v McCann, 169 Misc 2d 253, 256 [Crim Ct, NY County 1996]). The grand jury must be given the opportunity to vote on a case unless the court authorizes the withdrawal (People v Milton, 40 AD3d 1125, 1126 [2d Dept 2007]).
Here, however — as was apparently unknown to defendant at the time he made his motion — the grand jury did have a full opportunity to vote on the completed presentation before the case was withdrawn. Defendant insists that “the Grand Jury should have been the entity to decide how the matter was to proceed” (defendant’s motion at 15). The difficulty in the present case is that the grand jury was unable to decide either way. Under CPL 190.25 (1), every affirmative judicial action of a *438 grand jury requires the concurrence of at least 12 of its members. Indictment and dismissal are independent affirmative judicial actions of the grand jury, as listed in CPL 190.60, and each requires a formal vote of the grand jury. The grand jury can only decide something one way or the other if 12 or more of its members agree to that decision. If there is not such accord, there is no default position — certainly not indictment, but not dismissal either (People v Aarons, 2 NY3d 547, 549 [2004]; People v Morrison, 34 AD3d 398, 399 [1st Dept 2006]; People v Medina, 283 AD2d 250 [1st Dept 2001]; People v Foster, 279 AD2d 317, 321 [1st Dept 2001]).[5]
The primary concern evinced in the decisions interpreting CPL 190.60 in this context is to prevent the prosecutor from withdrawing a case from a grand jury s/he perceives as unfavorable to the People and seeking a more compliant grand jury. Here, the transcript of the grand jury proceedings contains no indication that the grand jury’s decisional authority was subverted in any way. Instead, this court concludes that the grand jury was genuinely “hung.” Had the People opted to proceed with a felony prosecution, the fact that there were insufficient votes either to indict or to dismiss would have provided a legitimate reason for re-presentation to a second grand jury (see People v Credle, 17 NY3d 556, 561 [2011]; People v Pryor, 5 AD3d 222, 223 [1st Dept 2004]; People v Gordon, 13 Misc 3d 618, 621 [Sup Ct, Kings County 2006]; CPL 190.75 [3]). Instead, the People chose to do what the grand jury had not done, and dismissed the felony charges. Under these circumstances, neither CPL 190.60 nor appellate decisions interpreting it bar proceeding by criminal court information on any misdemeanor charges not dismissed by the grand jury.
*439 Conclusion
Accordingly, defendant’s motion to dismiss pursuant to CPL 170.30 (1) (f) is denied.

. In order to fully consider defendant’s arguments, the court requested and the People provided the record of the grand jury proceedings in this case. A single page of colloquy was annexed as an exhibit to the People’s opposition papers. The court assumes that the People’s disclosure of the grand jury minutes did not include all legal instructions given to this grand jury.

. With the exception of the last charge, which the prosecutor miscited as Administrative Code § 16-1810 (sic), the prosecutor did not recite the statute section numbers. The instructions given to the grand jury properly tracked the language of the sections cited in text.

. The court has obtained the minutes of the proceedings on September 23, 2015.

. The People assert repeatedly that they had the court’s permission to proceed with prosecution of a misdemeanor (People’s response at 7-9). While the court on September 23, 2015 granted the People’s motion to dismiss the felony charges and accepted the filing of the misdemeanor information, nothing before this court indicates whether the judge in Part AP1F was made aware of what had happened in the grand jury.

. To the extent that People v Whatkey (31 Misc 3d 1242[A], 2011 NY Slip Op 51085[U] [Crim Ct, Kings County 2011]), relied upon by defendant, fails to acknowledge this settled law, this court respectfully disagrees with its reasoning. Furthermore, it is clear that the grand jury in the case before this court understood full well that they had reached “no decision” — and that their failure to muster 12 votes in either direction did not amount to a dismissal of the charges- — before the prosecutor informed them that the case was being “withdrawn.” In that respect, this case is distinguishable from Whatkey, where the prosecutor’s affirmative statement to the grand jury that the case was “closed” may be seen as having perpetuated at least one grand juror’s possible misapprehension that their failure to reach a vote was equivalent to a dismissal.